**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TELEBRANDS CORPORATION,

                    Plaintiff,

   v.

BHSD TRADING LLC,

                    Defendant.

Civil Action No. 1:23-cv-00225-MAD-CFH

Judge Mae A. D'Agostino
Magistrate Judge Christian F. Hummel

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF TELEBRANDS CORPORATION'S**
**MOTION FOR DEFAULT JUDGMENT**

Michael J. Zinna (NDNY Bar No. 704313)
Vincent M. Ferraro (NDNY Bar No. 704316)
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: mzinna@kelleydrye.com
Email: vferraro@kelleydrye.com

*Attorneys for Plaintiff*
*Telebrands Corporation*

## <u>TABLE OF CONTENTS</u>

<u>page</u>

I.      INTRODUCTION .................................................................................. 1

II.     STATEMENT OF FACTS ...................................................................... 2

III.    LEGAL STANDARD FOR DEFAULT JUDGMENT ............................ 4

IV.     ARGUMENT .......................................................................................... 6

        A.      Telebrands Is Entitled To Default Judgment Against  Defendant As A
                Matter Of Law ............................................................................. 6

                1.      The Court Has The Requisite Jurisdiction And Defendant Was
                        Properly Served With Process ..................................................... 6

                2.      The Clerk Properly Entered Default Against Defendant And All
                        Procedural Prerequisites Have Been Met For Default Judgment ............. 7

                3.      Telebrands' Well-Pleaded Allegations Establish Defendant's
                        Liability For Patent Infringement ............................................ 8

                4.      This District's Three Additional Factors Support Default Judgment ...... 10

        B.      The Court Should Enter a Permanent Injunction .................................... 12

        C.      Telebrands is Entitled To Compensatory Damages As Well As Discovery
                To Determine The Amount of Damages For Which Defendant Is Liable ........... 15

V.      CONCLUSION .................................................................................... 17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AKF, Inc. v. Royal Pets Mkt. & Resort Holdings*,
 No. 1:22-cv-346-MAD-DJS, 2022 U.S. Dist. LEXIS 201933 (N.D.N.Y. Nov. 7, 2022) .....4, 6

*Apple, Inc. v. Samsung Elecs. Co.*,
 809 F.3d 633 (Fed. Cir. 2015)................................................................................................14

*Centre Way Co. Ltd. v. Guangzhous Wakiki Trading Co., Ltd.*,
 No. 1:22-cv-05674, Dkt. No. 32 (S.D.N.Y. Dec. 1, 2022) ......................................................15

*CommScope, Inc. v. Commscope (U.S.A.) Int'l Group Co.*,
 809 F. Supp. 2d 33 (N.D.N.Y. 2011)........................................................................................5

*Display Techs., LLC v. Leantegra, Inc.*,
 No. 20-cv-07816-LJL, 2022 U.S. Dist. LEXIS 21630 (S.D.N.Y. Feb. 7, 2022)................8, 10

*Edwards Lifesciences AG v. CoreValve, Inc.*,
 699 F.3d 1305 (Fed. Cir. 2012)........................................................................................12, 13

*ePlus, Inc. v. Lawson Software, Inc.*,
 No. 3:09-cv-00620, 2011 U.S. Dist. LEXIS 54957 (E.D. Va. May 23, 2011) .......................14

*Finkel v. Romanowicz*,
 577 F.3d 79 (2d Cir. 2009)........................................................................................................4

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
 318 F. Supp. 1116 (S.D.N.Y. 1970)........................................................................................15

*Greathouse v. JHS Sec. Inc.*,
 784 F.3d 105 (2d Cir. 2015)......................................................................................................4

*Holness v. Nat'l Mobile Television, Inc.*,
 No. 09-cv-02601-KAM-RML, 2011 U.S. Dist. LEXIS 28627 (E.D.N.Y. Jan. 6, 2011) .......15

*Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*,
 No. 5:17-cv-00052-BKS-TWD, 2020 U.S. Dist. LEXIS 161142 (N.D.N.Y.
 Sept. 3, 2020) .....................................................................................................................5, 6, 8

*i4i Ltd. P'ship v. Microsoft Corp.*,
 598 F. 3d 831 (Fed. Cir. 2010)................................................................................................13

*inMusic Brands, Inc. v. Pyle Pro Audio Corp.*,
 No. 1:22-cv-02305-WFK-PK, Dkt. No. 24 (E.D.N.Y. Dec. 6, 2022) .....................................15

ii

*Lent v. CCNH, Inc.*,
No. 5:13-cv-942-MAD-ATB, 2015 U.S. LEXIS 70153 (N.D.N.Y. June 1, 2015).......5, 10, 11

*Presidio Components, Inc. v. Am. Tech. Cermaics Corp.*,
702 F. 3d 1351 (Fed. Cir. 2012).................................................................................12

*Reebook Int'l, Ltd. v. J. Barker, Inc.*,
32 F. 3d 1552 (Fed. Cir. 1994)...................................................................................13

*Rolex Watch, U.S.A., Inc. v. Pharel*,
No. 09-cv-04810, 2011 U.S. Dist. LEXIS 32249 (E.D.N.Y. Mar. 11, 2011)............5

*Salinger v. Coking*,
607 F.3d 68 (2nd Cir. 2010)........................................................................................11

*Telebrands Corp. v. Vieneci Garden, Inc.*,
Case No. 23-cv-00316 (S.D. Ind.) ..............................................................................3

*Telebrands Corp. v. Winston Prods. LLC*,
Case No. 23-cv-00631 (N.D. Ohio) .............................................................................3

*Telequip Corp. v. Change Exch.*,
No. 5:01-cv-01748-FJS-GJD, 2006 U.S. Dist. LEXIS 61469 (N.D.N.Y. Aug. 15, 2006)......14

*Tiffany (NJ) Inc. v. Luban*,
282 F. Supp. 2d 123 (S.D.N.Y. 2003).......................................................................10

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*,
800 F.Supp. 2d 515 (S.D.N.Y. 2011).........................................................................11

*Windsurfing Int'l Inc., v. AMF, Inc.*,
782 F. 2d 995 (Fed. Cir. 1986)...................................................................................13

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
609 F.3d 1308 (Fed. Cir. 2010)...................................................................................15

*Zen Design Grp., Ltd. v. Clint*,
No. 08-cv-14309, 2009 U.S. Dist. LEXIS 109116 (E.D. Mich. Nov 23, 2009).....................12

## Statutes

28 U.S.C. § 1331...........................................................................................................6

28 U.S.C. § 1338...........................................................................................................6

35 U.S.C. § 271(a) ...........................................................................................1, 8, 9, 16

35 U.S.C § 283 ...................................................................................................................11

35 U.S.C. § 284 .................................................................................................................14

**Rules**

Fed. R. Civ. P. 4 ...................................................................................................................7

Fed. R. Civ. P. 12(a)(1)(A)(i) ..............................................................................................7

Fed. R. Civ. P. 55(a) ........................................................................................................4, 7

Fed. R. Civ. P. 55(b)(2) ....................................................................................................1, 4

Local Rule 55.2(a) ................................................................................................................7

Local Rule 55.2(b) ...........................................................................................................1, 7

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 55(b)(2), Local Rule 55.2(b), and the Clerk's Notice of April 30, 2023 entered in this action, Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion for Default Judgment against Defendant BHSD Trading LLC ("Defendant" or "BHSD Trading").  Telebrands respectfully requests the Court to enter the attached Proposed Default Judgment against Defendant, which includes (1) a finding of default judgment as to liability for patent infringement under 35 U.S.C. § 271(a), (2) a permanent injunction order prohibiting Defendant from selling the Accused Products, (3) an order permitting Telebrands to conduct limited discovery to determine the amount of Telebrands' damages to be submitted to the Court thereafter, (4) an award of monetary damages, including all assets in Defendant's online marketplace accounts, including those operated by PayPal, Meta, Shopify, and Amazon, to Telebrands, (5) an award of treble damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest, and (6) any additional relief the Court deems just and proper.  The relief sought herein is consistent with the relief Telebrands requested in its Complaint (Dkt. No. 1).

Telebrands initiated this action against Defendant through the filing of its Complaint for patent infringement.  The Summons and Complaint were duly served on Defendant.  Defendant failed to respond to the Complaint or make an appearance in this action.  The Clerk of Court, therefore, at Telebrands' request, entered an Entry of Default against Defendant.  Defendant is now in default, and all the prerequisites for a default judgment have been met.  Despite all of this, Defendant continues its infringing activities and has ignored Telebrands' Complaint and the Clerk's Entry of Default.  Because Defendant is now in default and a permanent injunction is necessary to prevent further injury, Telebrands is entitled to the requested relief.

Accordingly, the Court should grant this Motion and award Telebrands the relief requested herein.

## II.      STATEMENT OF FACTS

Telebrands is a direct marketing company and has been a leading developer and marketer of consumer products for over thirty years.  Pl.'s Compl., Feb. 17, 2023, Dkt. No. 1 (attached to Zinna Aff.[1] as Exhibit A), ¶¶ 15-16.  For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks.  *Id.*, ¶ 17.  The POCKET HOSE® hose has been and continues to be a massive success in the United States.  *Id.*  Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose, including the patents asserted in the Complaint – U.S. Patent Nos. 9,581,272 (the "'272 Patent") and 10,174,870 (the "'870 Patent") (collectively, the "Asserted Patents").  *Id.*, ¶¶ 12-13, 17.

Based on information from the New York Secretary of State website, Defendant is a New York corporation located in Troy, New York.  Ex. A, Pl.'s Compl., ¶ 3.  Defendant is an e-commerce business that conducts business throughout the United States via its online storefront, https://www.joeysgarden.com/, and via various third party online retailers.  *Id.*, ¶¶ 3, 18. Defendant has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by Telebrands' Asserted Patents.  *Id.*, ¶ 18.   Specifically, without Telebrands' authorization, Defendant knowingly and intentionally makes, uses, offers to sell, sells, and/or imports into the United States its Joeys Garden Expandable Garden Hose, which comes in various sizes, including at

---

[1] Telebrands submits herewith the Affidavit of Michael J. Zinna in Support of Telebrands'
Motion for Default Judgment ("Zinna Aff.").

least 25 feet, 50 feet, 75 feet, and 100 feet (collectively, the "Accused Products") that infringe one or more claims of each of the Asserted Patents.  *Id.*, ¶ 18, 20-21, 38-39.

In addition to making sales that unfairly profit from Telebrands' patents, Defendant's ongoing willful infringement has caused irreparable harm because it has deprived and continues to deprive Telebrands of its exclusive rights to use and control the Asserted Patents, including Telebrands' ability to exploit the Asserted Patents through sales of its own products. Defendant's ongoing willful infringement is also causing irreparable harm to Telebrands because it is empowering others to infringe Telebrands' patent portfolio covering expandable hoses.  In fact, Telebrands is already involved in several other lawsuits over the unauthorized use of its expandable hose patents.  *See, e.g., Telebrands Corp. v. Vieneci Garden, Inc.*, Case No. 23-cv-00316 (S.D. Ind.), and *Telebrands Corp. v. Winston Prods. LLC*, Case No. 23-cv-00631 (N.D. Ohio).  Lastly, Defendant's ongoing willful infringement has caused, and will continue to cause irreparable harm to Telebrands' market share, goodwill and reputation.

As a result of Defendant's unlawful actions, on February 17, 2023, Telebrands filed the Complaint in this case (Dkt. No. 1), alleging that Defendant's expandable hoses infringed Telebrands' two Asserted Patents.  Ex. A, Pl.'s Compl.  To compensate Telebrands for Defendant's willful patent infringement and prevent further harm, Telebrands' Complaint requested, *inter alia*, permanent injunctive relief, trebled monetary damages, costs, and attorneys' fees.  *Id.*, Prayer for Relief.  On March 10, 2023, the Summons and Complaint were duly served on Defendant.  Dkt. No. 11.

Defendant's time to answer the Complaint expired on March 31, 2023.  Fed. R. Civ. P. 12(a)(1)(A)(i); Zinna Aff., ¶ 4.  Defendant has never answered or otherwise responded to the Complaint.  *Id.*, ¶ 6.  Moreover, no attorney has made an appearance for Defendant in this case

or otherwise contacted counsel for Telebrands. *Id.* On April 27, 2023, the Clerk of the United States District Court for the Northern District of New York entered an Entry of Default against Defendant. Dkt. No. 13, Exhibit B to Zinna Aff. Defendant has not made any attempt to set aside its default, and continues to engage in its infringing activities by continuing to offer the Accused Products for sale at least on its website, https://www.joeysgarden.com. Accordingly, Telebrands respectfully requests the Court to enter default judgment as to liability for patent infringement against Defendant and grant the relief requested herein in its entirety.

## III.   LEGAL STANDARD FOR DEFAULT JUDGMENT

Rules 55(a) and 55(b)(2) of the Federal Rules of Civil Procedure provide that a court may enter default judgment against a party who has "failed to plead or otherwise defend" against claims brought against them. Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 55(b)(2). "Generally, Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *AKF, Inc. v. Royal Pets Mkt. & Resort Holdings*, No. 1:22-cv-346-MAD-DJS, 2022 U.S. Dist. LEXIS 201933, at *5 (N.D.N.Y. Nov. 7, 2022) (J. D'Agostino) (internal quotations and citations omitted). "First, under Rule 55(a), when a party fails to plead or otherwise defend[,] the clerk must enter the party's default." *Id.* (internal quotations and citations omitted).

Second, following the Clerk's entry of default (which the Clerk entered in this case on April 27, 2023; Dkt. No. 13), "pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court." *AKF, Inc.*, 2022 U.S. Dist. LEXIS 201933, at *5 (internal quotations and citations omitted). By virtue of Defendant's default, the Court "is required to accept all of the [Plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1982); *see also Greathouse v. JHS*

*Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) ("Because both defendants defaulted, the Magistrate Judge properly accepted as true the well-pleaded factual allegations of Greenhouse's complaint regarding liability, and provided for further proceedings to determine the appropriate damages award.").  "As a result, the sole issue before the Court [becomes] whether the Plaintiff has provided adequate support for the relief it seeks." *CommScope, Inc. v. Commscope (U.S.A.) Int'l Group Co.*, 809 F. Supp. 2d 33, 37 (N.D.N.Y. 2011) (citing *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008)).  Specifically, "before entering default judgment, the Court must review the [Plaintiff's] allegations to determine whether [the Plaintiff has] stated a valid claim for relief." *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, No. 5:17-cv-00052-BKS-TWD, 2020 U.S. Dist. LEXIS 161142, at *9 (N.D.N.Y. Sept. 3, 2020) (citing *Finkel*, 577 F.3d at 84); *see also Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-04810, 2011 U.S. Dist. LEXIS 32249, at *5-6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.").

Further, in considering a motion for default judgment, courts in this district are "guided by the same three factors that apply to a motion to set aside entry of a default judgment." *Lent v. CCNH, Inc.*, No. 5:13-cv-942-MAD-ATB, 2015 U.S. LEXIS 70153, at *7 (N.D.N.Y. June 1, 2015) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  These factors include "(1) whether  the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* (quoting *Rodriquez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011)).

Here, Telebrands' allegations for patent infringement are well-pleaded and, by Defendant's default, they are now deemed admitted. Telebrand's allegations of patent infringement, therefore, establish Defendant's liability as a matter of law. The other three factors considered by the Court also weigh in favor of granting default judgment against Defendant. Accordingly, Telebrands is entitled to entry of default judgment on its claims for relief.

## IV. ARGUMENT

### A. Telebrands Is Entitled To Default Judgment Against Defendant As A Matter Of Law

When, as here, a default is entered by the Clerk, the "defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *AKF, Inc.*, 2022 U.S. Dist. LEXIS 201933, at *5-6 (quoting *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009)).

Here, the Complaint sets forth factual allegations which, when taken as true, establish Defendant's infringement of Telebrands' Asserted Patents.

### 1. The Court Has The Requisite Jurisdiction And Defendant Was Properly Served With Process

As an initial matter, the Court must have jurisdiction over Defendant, and Telebrands must have properly served Defendant with process, before the Court can render a default judgment against Defendant. *See Hunter*, 2020 U.S. Dist. LEXIS 161142, at *9-13. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, Title 35 of the United States Code. Ex. A, Pl.'s Compl., ¶¶ 1, 5. The Court has personal jurisdiction over Defendant because it is incorporated within the State of New York and has its principal place of business within this judicial district, and at least a portion of the events giving rise to Telebrands' claims occurred in

this judicial district.  *Id.*, ¶¶ 3, 6-8.  Finally, Defendant was properly served with process.  Dkt. Nos. 11, 13.

### 2.    The Clerk Properly Entered Default Against Defendant And All Procedural Prerequisites Have Been Met For Default Judgment

The Complaint was filed on February 17, 2023. Ex. A, Pl.'s Compl., Dkt. No. 1. Defendant was properly served with a copy of the Complaint and Summons pursuant to Fed. R. Civ. P. 4 on March 10, 2023.  Dkt. Nos. 11, 13.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant's deadline to answer or otherwise respond to the Complaint was March 31, 2023.  As of the filing of this Motion for Default Judgment, Defendant has failed to file an Answer or otherwise respond to the Complaint.  Zinna Aff., ¶ 6.  As such, on April 27, 2023, the Clerk properly entered an Entry of Default against Defendant.  Ex. B to Zinna Aff., Clerk's Entry of Default, Dkt. No. 13.

The procedural requirements of Local Rule 55.2(b) have also been met.  Defendant was properly served with a copy of the Complaint and Summons under Fed. R. Civ. P. 4.  Dkt. Nos. 11, 13; Zinna Aff., ¶ 3.  Defendant failed to respond to the Complaint and thus has defaulted in appearance in this action.  *Id.*, ¶¶ 6, 9.  A Clerk's Entry of Default was obtained on April 27, 2023.  Ex. B to Zinna Aff., Clerk's Entry of Default, Dkt. No. 13.  Defendant is not an infant, is not incompetent, and is not in the military.  Zinna Aff., ¶ 8.  Notice of this Motion will be provided to Defendant as soon as possible (well before the required timeframe of at least seven days before the hearing on this Motion as set forth by Fed. R. Civ. P. 55(b)(2)) via hand delivery to the Secretary of State of New York (Defendant's registered agent), which is how service of the Complaint and Summons was properly effected.  Lastly, the required documents have been submitted with this Motion: (1) the Clerk's Certificate of Entry of Default in accordance with Fed. R. Civ. P. 55(a) (attached as Ex. B to Zinna Aff.), (2) a proposed form of default judgment,

(3) a copy of the pleading to which no response has been made (i.e., the Complaint; Dkt. No. 1, attached as Ex. A to Zinna Aff.), and (4) an affidavit by Telebrands' counsel setting forth the facts as required by Local Rule 55.2(a).

Accordingly, all the necessary perquisites for entering default judgment here have been satisfied by Telebrands.

### 3.      Telebrands' Well-Pleaded Allegations Establish Defendant's Liability For Patent Infringement

Telebrands' allegations for patent infringement against Defendant are well-pleaded.  As such, Telebrands has provided adequate support for the relief it seeks.

Prior to entering a default judgment, the Court must review Telebrands' allegations to determine whether Telebrands has stated a valid claim for relief.  *See, e.g.*, *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, No. 5:17-cv-00052-BKS-TWD, 2020 U.S. Dist. LEXIS 161142, at *9 (N.D.N.Y. Sept. 3, 2020) (citing *Finkel*, 577 F.3d at 84).  Here, Telebrands has alleged all of the elements necessary to succeed on at least its claims of direct patent infringement under 35 U.S.C. § 271(a).  Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  In order to prevail on its direct patent infringement claims, Telebrands must (1) allege ownership of the Asserted Patents, (2) name each defendant, (3) cite the patent that is allegedly infringed, (4) state the means by which the defendant allegedly infringes, and (5) point to the sections of the patent law invoked.  *See Display Techs., LLC v. Leantegra, Inc.*, No. 20-cv-

07816-LJL, 2022 U.S. Dist. LEXIS 21630, at *7-8 (S.D.N.Y. Feb. 7, 2022) (citing *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)).

Taking the allegations as admitted, Telebrands' Complaint sufficiently states a claim for Defendant's direct infringement of the Asserted Patents under 35 U.S.C. § 271(a) based on, *inter alia*, the following allegations:

- **Allegations of ownership of the Asserted Patents**: "Telebrands is the owner of the '272 Patent, entitled 'Garden Hose,' which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on February 28, 2017." Ex. A, Pl.'s Compl., ¶ 12. "Telebrands is also the owner of the '870 Patent, entitled 'Expandable and Contractible Garden Hose,' which the USPTO duly and lawfully issued on January 8, 2019." *Id.*, ¶ 13.

- **Naming the Defendant**: "BHSD Trading has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents. Specifically, BHSD Trading impermissibly promotes and sells the Joeys Garden Expandable Garden Hose, which comes in various sizes, including at least 25 feet, 50 feet, 75 feet, and 100 feet (hereinafter the "Accused Products")." *Id.* ¶ 18.

- **Allegations citing the '272 Patent, stating the means by which Defendant infringes the '272 Patent, and pointing to the sections of the patent law invoked**: "BHSD Trading has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '272 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a)." *Id.* ¶ 20. "For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in Exhibit E of the Complaint, the Accused Products include all of the limitations of at least Claim 1 of the '272 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '272 Patent under 35 U.S.C. § 271(a)." *Id.* ¶ 21.

- **Allegations citing the '870 Patent, stating the means by which Defendant infringes the '870 Patent, and pointing to the sections of the patent law invoked**: "BHSD Trading has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '870 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a)." *Id.* ¶ 38. "For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in Exhibit F of the Complaint, the Accused Products include all of the limitations of at least Claim 1 of the '870 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '870 Patent under 35 U.S.C. § 271(a)." *Id.* ¶ 39.

These allegations satisfy each of the five elements required to establish Defendant's liability for patent infringement:  (1) Telebrands alleges its ownership of the Asserted Patents (Ex. A, Pl.'s Compl., ¶¶ 12-13); (2) Telebrands identifies the Defendant (*id.*, ¶ 18), (3) and (4) Telebrands cites the infringed patent, and through the claim charts attached to the Complaint (Exhibits E and F to the Complaint) provides images and explanations demonstrating, on a claim element-by-element basis, how Defendant's Accused Products infringe the Asserted Patents (*id.*, ¶¶ 20-21, 38-39); and (5) Telebrands specified that Defendant's infringement violated 35 U.S.C. § 271(a) (*id.* ¶ 20-21, 38-39).  Similar patent infringement allegations have been found to be sufficient to establish Defendant's liability for the purposes of granting default judgment.  *See*, *e.g.*, *Display Techs., LLC*, 2022 U.S. Dist. LEXIS 21630, at *7-8.  The Court should reach the same conclusion here.

### 4.   This District's Three Additional Factors Support Default Judgment

In addition to examining whether Telebrands has established Defendant's liability, courts in this district consider three factors when determining whether to grant a default judgment:  "(1) whether  the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Lent*, 2015 U.S. LEXIS 70153, at *7.

*First*, Defendant's default is willful.  "When a defendant is continually and entirely unresponsive, the defendant's failure to respond is considered willful."  *Id.*, at *8; *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) ("By virtue of the default, [defendants'] infringement is deemed willful.").  Defendant received notice of the Summons and Complaint on March 10, 2023 via proper service of process.  Dkt. Nos. 11, 13.  Despite having ample time to respond to the Complaint, Defendant made no attempt to do so, nor did it request an extension of time to respond, and the time to do so has now long expired.  Nor has Defendant made an

appearance, or otherwise attempted to participate in this action.  Under these facts, there is "no indication that [Defendant's] failure to respond to the Complaint … despite being properly served, was anything but deliberate."  *Lent*, 2015 U.S. LEXIS 70153, at *9.  This factor weighs in favor of default judgment.

*Second*, Defendant has no meritorious defense to Telebrands' claims for patent infringement because it has not responded to the Complaint.  "Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense.  Accordingly, this factor weighs in favor of granting a default judgment."  *Lent*, 2015 U.S. LEXIS 70153, at *9-10.  Further, as discussed in detail in Section IV(A)(3), *supra*, the allegations in the Complaint are well-pleaded and establish valid claims of patent infringement against Defendant.  Thus, this factor too weighs in favor of default judgment.

*Third*, Telebrands will suffer substantial prejudice if default judgment is denied because there "are no additional steps available to secure relief in this Court" for the claims it adequately pleaded in the Complaint.  *Lent*, 2015 U.S. LEXIS 70153, at *24-25.  Specifically, Telebrands will be prejudiced if this Motion is denied as Telebrands will not be able to enjoin Defendant's infringement without a default judgment and permanent injunction, nor will Telebrands be able to obtain monetary damages for the infringement, as well as its costs and attorneys' fees associated with filing and prosecuting this case.  As such, this factor also weighs in favor of default judgment.

*       *       *

In light of the above, a default judgment as to liability is appropriate on Telebrands' claims of patent infringement against Defendant.

**B.**   <u>**The Court Should Enter a Permanent Injunction**</u>

A district court "may grant injunctions in accordance with principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C § 283. Telebrands is entitled to injunctive relief so it can quickly take action against Defendant's willful infringement and so it can take action against any new websites and online marketplace accounts that are identified, found to be linked to Defendant, and selling the Accused Products. *See Salinger v. Coking*, 607 F.3d 68, 77-78 (2nd Cir. 2010); *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F.Supp. 2d 515, 539 (S.D.N.Y. 2011).

Permanent injunctive relief barring continued patent infringement is appropriate where a plaintiff demonstrates (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange*, LLC, 547. U.S. 388 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting injunctive relief upon finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Cermaics Corp.*, 702 F. 3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with infringement." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 82 (2013). Here, the facts conclusively establish the prerequisites for a permanent injunction.

First, the record is clear Telebrands would suffer irreparable harm absent an injunction because Defendant is in direct competition with Telebrands. Telebrands is a practicing entity, i.e. it is selling its own product that competes with the Accused Products, and therefore Defendant is a competitor whose continued sales of infringing expandable hoses will damage

12

Telebrands' market share, reputation, and good will, and will erode Telebrands' market and price point. *Zen Design Grp., Ltd. v. Clint*, No. 08-cv-14309, 2009 U.S. Dist. LEXIS 109116, at *14-15 (E.D. Mich. Nov 23, 2009) (entering a default judgment of patent infringement and finding irreparable harm where the infringement has caused, or is likely to cause, irreparable price erosion and injury to the patentee's goodwill in the market). Telebrands is likely to suffer five primary forms of irreparable harm: (1) deprivation of Telebrands' exclusive rights to use and control the Asserted Patents; (2) empowerment of others to infringe Telebrands' patents; (3) loss of market share; (4) loss of customers' goodwill; and (5) reputational harm.

Second, Telebrands has no adequate remedy at law. Defendant's unauthorized practicing of the Asserted Patents inhibits Telebrands' ability to use and control the Asserted Patents, empowers others to infringe Telebrands' patents, and negatively impacts Telebrands' market share, goodwill and reputation. As such, given the facts in this case, a monetary award alone will not cure any of these injuries if Defendant's infringing actions are allowed to continue. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F. 3d 831, 862 (Fed. Cir. 2010) (upholding finding that monetary damages were inadequate to compensate for patent infringement where patentee lost market share, brand recognition, and customer goodwill); *Reebook Int'l, Ltd. v. J. Barker, Inc.*, 32 F. 3d 1552, 1557 (Fed. Cir. 1994) (recognizing that future infringement may have market effects never fully compensable in money).

Third, the aforementioned harms and hardships to Telebrands resulting from Defendant's infringement are significant. Such harm clearly outweighs the harm to Defendant of simply preventing the Defendant from selling infringing products. *Windsurfing Int'l Inc., v. AMF, Inc.*, 782 F. 2d 995, 100, n. 12 (Fed. Cir. 1986) ("One who elects to build a business on a product

found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so selected.").

Fourth, the public interest favors granting an injunction here to prevent Defendant from continuing to infringe Telebrands' patent rights.  The "touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *i4i*, 598 F.3d at 863.  A permanent injunction that enforces a valid patent furthers public policy inherent in the patent laws, which are designed to encourage useful inventions by rewarding the inventors with a limited period of market exclusivity.  *See Edwards Lifesciences*, 699 F.3d at 1314 ("The innovation incentive of the patent is grounded on the market exclusivity whereby the inventor profits from his invention."); *ePlus, Inc. v. Lawson Software, Inc.*, No. 3:09-cv-00620, 2011 U.S. Dist. LEXIS 54957, at *56 (E.D. Va. May 23, 2011) ("The Federal Circuit has long acknowledged the importance of the patent system in encouraging innovation."), *vacated on other grounds*, 700 F.3d 509 (Fed. Cir. 2012).  Thus, courts give "considerable weight to the strong public interest in favoring entry of injunctive relief to protect … patent rights." *ePlus*, 2011 U.S. Dist. LEXIS 54957, at *56.  Moreover, "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions." *Apple*, *Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015).

Here, a permanent injunction prohibiting Defendant from selling the Accused Products will not harm any public interest, much less a critical one.  There will be no shortage of expandable hoses, as Telebrands has no plans to discontinue sales of its own expandable hoses, and traditional hoses are also prolific.  Accordingly, the issuance of a permanent injunction in

this case serves the public interest by encouraging innovators "to engage in the toils of scientific and technological research." *Telequip Corp. v. Change Exch.*, No. 5:01-cv-01748-FJS-GJD, 2006 U.S. Dist. LEXIS 61469, at *5 (N.D.N.Y. Aug. 15, 2006).

*     *     *

For all of these reasons, the Court should enter a permanent injunction against Defendant.

**C.    Telebrands is Entitled To Compensatory Damages As Well As Discovery To Determine The Amount of Damages For Which Defendant Is Liable**

As a result of Defendant's infringement of the Asserted Patents, Telebrands is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)." *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010).

Telebrands is entitled to a monetary damages for Defendant's infringement of the Asserted Patents. However, since Defendant has chosen not to participate in these proceedings, Telebrands does not have the facts necessary to quantify its damages in this case at this time. For example, Telebrands is not privy to the number of units of the Accused Products that Defendant has sold during the relevant time period, or how much each unit was sold for. In such a case, courts have permitted the plaintiff to conduct discovery to ascertain the amount of its damages. *See e.g., inMusic Brands, Inc. v. Pyle Pro Audio Corp.*, No. 1:22-cv-02305-WFK-PK, Dkt. No. 24, Slip Op. at 1 (E.D.N.Y. Dec. 6, 2022) (allowing the plaintiff to conduct discovery as to the amount of its damages where it asserted it did not have the information necessary upon

moving for default judgment to establish the amount of damages owed); *Holness v. Nat'l Mobile Television, Inc.*, No. 09-cv-02601-KAM-RML, 2011 U.S. Dist. LEXIS 28627 (E.D.N.Y. Jan. 6, 2011), at *9-10 (E.D.N.Y. Jan. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 1085167 (E.D.N.Y. Mar. 21, 2011) (same).  Accordingly, Telebrands requests permission from this Court to conduct discovery limited to the issue of determining the amount of damages, following the grant of this Motion for Default Judgment.

At the very least, and without the need for discovery, Telebrands is entitled to Defendant's profit as a form of compensatory damages.  *See Wordtech Sys., Inc.*, 609 F.3d at 1319.  Specifically, Telebrands' requested profit award includes at least the money Defendant received from the sales of the Accused Products on is website, www.joeysgarden.com, and the full amount in Defendant's online marketplace accounts, such as Defendant's PayPal, Meta, Shopify, and Amazon accounts.  At least one court in the Southern District of New York awarded similar relief.  *See Centre Way Co. Ltd. v. Guangzhous Wakiki Trading Co., Ltd.*, No. 1:22-cv-05674, Dkt. No. 32, Slip Op. at 3-4  (S.D.N.Y. Dec. 1, 2022).

In addition to compensatory damages, Telebrands also seeks treble damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.  Ex. A, Pl.'s Compl., pp. 10-11, Prayer for Relief.  However, the amounts of those additional damages and awards cannot be determined without a determination as to the amount of compensatory damages and until this case is concluded (particularly to calculate attorneys' fees).  Therefore, Telebrands intends to submit evidence of all of its damages to the Court following the completion of its limited damages discovery or completion of the case.

Lastly, Telebrands also seeks any additional monetary relief that the Court deems just and proper.

## V.      CONCLUSION

For the reasons set forth above, Telebrands respectfully requests the Court to enter the attached Proposed Default Judgment against Defendant, which includes (1) a finding of default judgment as to liability for patent infringement under 35 U.S.C. § 271(a), (2) a permanent injunction order prohibiting Defendant from selling the Accused Products, (3) an order permitting Telebrands to conduct limited discovery to determine the amount of Telebrands' damages to be submitted to the Court thereafter, (4) an award of monetary damages, including all assets in Defendant's online marketplace accounts, including those operated by PayPal, Meta, Shopify, and Amazon, to Telebrands, (5) an award of treble damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest to be determined following the completion Telebrands' limited damages discovery or at the completion of the case, and (6) any additional award the Court deems just and proper.  A similar Proposed Default Judgment was recently entered by a court in the Southern District of New York.  *See, e.g.*, *Centre Way Co. Ltd. v. Guangzhous Wakiki Trading Co., Ltd.*, No. 1:22-cv-05674, Dkt. No. 32 (S.D.N.Y. Dec. 1, 2022).

Respectfully submitted,

Date:  May 30, 2023

/s/ *Michael J. Zinna*
Michael J. Zinna (NDNY Bar No. 704313)
Vincent M. Ferraro (NDNY Bar No. 704316)
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: mzinna@kelleydrye.com
Email: vferraro@kelleydrye.com

*Attorneys for Plaintiff*
*Telebrands Corporation*