UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>BHSD TRADING LLC,<br><br>       Defendant. | Civil Action No. 1:23-cv-00225-MAD-CFH<br><br>Judge Mae A. D'Agostino<br>Magistrate Judge Christian F. Hummel |

**[PROPOSED] DEFAULT JUDGMENT**

  Plaintiff Telebrands Corporation ("Plaintiff") has moved pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b) for entry of default judgment against Defendant BHSD Trading LLC ("Defendant"), which includes (1) a finding of default judgment as to liability for patent infringement under 35 U.S.C. § 271(a), (2) a permanent injunction order prohibiting Defendant from infringing Telebrands' patents, (3) an order permitting Telebrands to conduct limited discovery to determine the amount of Telebrands' damages to be submitted to the Court thereafter, (4) an award of monetary damages, including all assets in Defendant's online marketplace accounts, including those operated by PayPal, Meta, Shopify, and Amazon, to Telebrands, (5) an award of treble damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest to be determined following the completion of Telebrands' limited damages discovery or at the completion of the case, and (6) any additional relief the Court deems just and proper.  Upon such Motion, the Court hereby makes the following findings:

**FINDINGS**

1. Plaintiff commenced this action on February 17, 2023 alleging that all of Defendant's expandable garden hoses, including the Joeys Garden Expandable Garden Hose, which comes in various sizes, including at least 25 feet, 50 feet, 75 feet, and 100 feet (the "Accused Products"), infringe U.S. Patent Nos. 9,581,272 (the "'272 Patent") and 10,174,870 (the "'870 Patent") (collectively, the "Asserted Patents"). Dkt. No. 1.

2. Defendant was properly served the Summons and Complaint on March 10, 2023. Dkt. No. 11.

3. Defendant has failed to file an answer or otherwise respond to the Complaint, resulting in the Clerk of the Court entering an Entry of Default against Defendant on April 27, 2023. Dkt. No. 13.

4. The Clerk has properly entered Default against Defendant based on Defendant's failure to answer, respond, or otherwise plead to the Complaint.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, Title 35 of the United States Code.

6. The Court has personal jurisdiction over Defendant because it is incorporated within the State of New York and has its principal place of business within this judicial district, and at least a portion of the events giving rise to Telebrands' claims occurred in this judicial district.

7. Plaintiff's Complaint sets forth well pleaded claims for patent infringement for which relief can be granted.

IT IS THUS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Default Judgment is GRANTED in its entirety, that Defendant is deemed in default and this Default Judgment is entered against Defendant.

Accordingly, the Court ORDERS:

1. Default judgment as to liability for patent infringement under 35 U.S.C. § 271(a) is entered against Defendant.

2. Defendant, its affiliates, owners, members, business partners, contractual relationships, officers, directors, employees, agents, servants, representatives and attorneys, and any and all persons acting for, with, by, through, under or in active concert with Defendant be immediately and permanently enjoined and restrained from:

    a. making, using, advertising, promoting, offering to sell, selling, distributing, importing, or transferring any products, including the Accused Products, that in any way infringe, either literally or under the doctrine of equivalents, the Asserted Patents;

    b. secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any Accused Products or similarly infringing products; (ii) any evidence relating to Defendant's infringing activities; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, Defendant, including, but not limited to, any assets held by or on behalf of Defendant;

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs 2(a) and 2(b) herein.

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendant, or in connection with Defendant's online marketplace, including, without limitation, any online marketplace platform such as Amazon.com, Inc. ("Amazon"), Shopify Inc. ("Shopify"), eBay Inc. ("eBay"), or any other online retailer or online provider holding funds for Defendant (collectively, the "Third Party Providers") shall within ten (10) business days after receipt of such notice cease offering for sale the Accused Products and any similarly infringing product provided by Defendant, and disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the Accused Products and any similarly infringing product provided by Defendant.

4. Plaintiff is permitted to obtain discovery from Defendant to determine the amount of its damages and submit such evidence of damages to the Court, and Defendant is ordered to participate in such discovery.

5. Plaintiff is awarded damages from the Defendant for the sale of Accused Products sold from February 28, 2017 (the issue date of the '272 Patent) to present, including at least the full amount of Defendant's online marketplace accounts, including, without limitation, Defendant's online accounts held with PayPal, Inc. ("PayPal"), Meta Platforms, Inc. ("Meta"), Shopify, and Amazon.

    a. Plaintiff may serve this Order on Third Party Providers, including PayPal, Meta, Shopify, and Amazon, by any means reasonably calculated to give notice, including by e-mail, or other electronic means.

    b. Any Third Party Providers holding funds for Defendant, including PayPal, Meta, Shopify, and Amazon, shall, within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defendant, Defendant's aliases, or otherwise connected to Defendant's online marketplaces from transferring or disposing of any funds, or other of Defendant's assets.

    c. All monies restrained in Defendant's financial accounts, including monies held by Third Party Providers such as PayPal, Meta, Shopify, and Amazon, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Meta, Shopify, and Amazon, are ordered to release to Plaintiff these amounts from Defendant's financial accounts within ten (10) business days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to it by Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, Meta, Shopify, and Amazon, in the event that any new financial accounts controlled or operated by Defendant are identified.  Upon receipt of this Order, Third Party Providers, including PayPal, Meta, Shopify, and Amazon, shall within ten (10) business days:

    a. locate all accounts and funds connected to Defendant, Defendant's aliases, or otherwise connected to Defendant's online marketplaces, including, but not limited

       to, any financial accounts connected to the Accused Products identified in the Complaint, and any e-mail addresses provided for Defendant by third parties;

    b.  restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defendant's assets; and

    c.  release all monies restrained in Defendant's financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. Plaintiff is awarded treble damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest to be determined following the completion of Telebrands' damages discovery or at the completion of the case.

8. The relief set forth herein is both reasonable and necessary to protect Plaintiff's rights under the Asserted patents.

9. Should Defendant violate this Order, in addition to any contempt penalties imposed by this Court and/or any other monetary or injunctive relief available to Plaintiff, Defendant shall pay all costs and reasonable attorneys' fees incurred by Plaintiff in any action to enforce the terms of this Order.

10. The Court retains jurisdiction over this action and the parties to this action for purposes of enforcing this Order and Judgment.

IT IS SO ORDERED.

Dated: _____, 2023

                                          Honorable Mae A. D'Agostino
                                          United States District Judge