UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**TELEBRANDS CORPORATION**,

                                **Plaintiff,**

  vs.                                                     1:23-CV-00225
                                                             (MAD/CFH)

**BHSD TRADING LLC.,**

                                **Defendant.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**KELLY DRYE & WARREN LLP**           **MICHAEL ZINNA, ESQ.**
One Jefferson Road - 2nd Floor            **VINCENT FERRARO, ESQ.**
Parsippany, New Jersey 07054
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On February 17, 2023, Plaintiff Telebrands Corporation ("Plaintiff") commenced this patent infringement action against Defendant BHSD Trading LLC ("Defendant" or "BHSD Trading"), alleging violations "of the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*." Dkt. No. 1 at ¶ 1. Although Plaintiff has provided proof of service as to the summons and complaint, Defendant has failed to interpose an answer, or otherwise make an appearance in this action. *See* Dkt. No. 11. Currently pending before the Court is Plaintiff's motion for default judgment. *See* Dkt. No. 17. For the reasons and authorities set forth below, the motion is granted.

### II. BACKGROUND

      According to the complaint, Plaintiff is a New Jersey corporation described as a "direct

marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores." Dkt. No. 1 at ¶¶ 1-2, 15.  Plaintiff owns United States Patent Nos. 9,581,272 ("'272 Patent") and 10,174,870 ("'870 Patent").  *Id.* at ¶¶ 1-2.  The '272 Patent is "entitled 'Garden Hose,' which the United States Patent and Trademark Office ('USPTO') duly and lawfully issued on February 28, 2017."  *Id.* at ¶ 12.  The '870 Patent is "entitled 'Expandable and Contractible Garden Hose,' which the USPTO duly and lawfully issued on January 8, 2019."  *Id.* at ¶ 13.

Plaintiff "is widely known through the retail industry" and has "nationwide advertising programs."  Dkt. No. 1 at ¶ 17.  For over a decade, Plaintiff "has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks."  *Id.*  Plaintiff describes the hose as follows: "light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically contract to a reduced length when the water is released from it."  *Id.*

Defendant is a New York corporation that Plaintiff believes "is engaged in the business of using in, offering for sale in, selling in, and/or importing into, the United States expandable hoses[.]"  Dkt. No. 1 at ¶ 6.  Plaintiff believes that Defendant "is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 405 2nd Street, Troy, New York 12180."  *Id.* at ¶ 3.  According to Plaintiff, Defendant "has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by" Plaintiff's patents.  *Id.* at ¶ 18.  More specifically, Defendant "impermissibly promotes" and sells an expandable hose called the "Joeys

2

Garden Expandable Garden Hose[.]" *Id.* Defendant's hose "comes in various sizes, including at least 25 feet, 50 feet, 75 feet, and 100 feet[.]" *Id.* at ¶ 18. Defendant sells the hoses on its website, *https://www.joeysgarden.com/*, and through Amazon.com's website. *See id.*

Plaintiff believes that Defendant has known about the '272 Patent and the '870 Patent since at least their issuance on February 28, 2017 and January 8, 2019, respectively, "due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations . . . against other manufacturer's of similarly infringing expandable hoses." Dkt. No. 1 at ¶¶ 25, 43. According to Plaintiff, "as part of a customary due diligence before entering the expandable hose market, [Defendant] should have and likely did review patents covering expandable hoses[.]" *Id.* Plaintiff alleges that Defendant "should have and likely did review" the '272 Patent and the '870 Patent prior to this action's commencement. *Id.*

The complaint alleges a total of two counts of patent infringement in violation of 35 U.S.C. § 271. *See* Dkt. No. 1 at ¶¶ 19-54. Plaintiff seeks monetary damages in an amount to be determined at trial, including "lost profits but in no event less than a reasonable royalty." *Id.* at ¶¶ 35, 53. Plaintiff further seeks "increased damages pursuant to 35 U.S.C. § 284, and [] attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285." *Id.* at ¶¶ 36, 54. Finally, Plaintiff seeks injunctive relief enjoining Defendant "and all others in active concert and/or participation with BHSD Trading, from infringing the '272 Patent and the '870 Patent, pursuant to 35 U.S.C. § 283." *Id.* at 10-11.

### III. DISCUSSION

**A.     Standard of Review**

Under Federal Rule of Civil Procedure 55, a party must follow a two-step process to obtain default judgment:

> The first step is to obtain a default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person. *See* Fed. R. Civ. P. 55(b)(1). "In all other cases," Rule 55(b)(2) governs, and it requires a party seeking judgment by default to apply to the court for entry of judgment.

*New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs., Inc. v. Ninna, Inc.*, 665 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, because conclusions of law are not admitted by the defaulting party, "a district court need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citation omitted). Thus, "[b]efore a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendants' liability as a matter of law." *Gesualdi v. Quadrozzi Equipment Leasing Corp.*, 629 Fed. Appx. 111, 113 (2d Cir. 2015) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

**B.  Default Liability**

Pursuant to 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent." The United States Court of Appeals, Federal Circuit has set forth five pleading elements for patent infringement claims: "(i) allege ownership of the patent, (ii) name

4

each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

In support of its default judgment request, Plaintiff asserts that it "has alleged all of the elements necessary to succeed on at least its claims of direct patent infringement under 35 U.S.C. § 271(a)." Dkt. No. 17-1 at 13. After having reviewed the complaint and the relevant authorities, the Court agrees. The complaint adequately alleges that Plaintiff owns the '272 Patent and the '870 Patent (Dkt. No. 1 at ¶¶ 12-13); Plaintiff has provided copies of both patents in citing same (Dkt. No. 1-1; Dkt. No. 1-2); and Plaintiff has properly named Defendant as the party allegedly selling and promoting an expandable hose that "embod[ies] the inventions protected" by the patents for Plaintiff's POCKET HOSE in violation of 35 U.S.C. § 271(a) (Dkt. No. 1 at ¶ 18).

Accordingly, Plaintiff is entitled to default judgment as to liability.

**C.      Damages, Fees, Costs, and Injunctive Relief**

"[A] court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavit s and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need

not, make the determination through a hearing.'" *Id.* at 190 (quotation and other citation omitted). Indeed, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court[.]" *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (citations and internal quotations omitted).

Pursuant to 35 U.S.C. § 284, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  Furthermore, under 35 U.S.C. § 285, the court may award reasonable attorney fees to the prevailing party in "in exceptional cases."  "Whether a case is 'exceptional' is a determination of fact, and the awarding of attorneys' fees in such cases is left to the court's discretion." *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 891 F. Supp. 751, 834 (E.D.N.Y. 1995) *affirmed by* 96 F.3d 1409 (Fed. Cir. 1996).  Additionally, pursuant to 35 U.S.C. § 283, "district courts may grant injunctive relief to a patent holder in order to 'prevent the violation of any right secured by patent.'" *Giantceutical, Inc. v. Ken Mable, Inc.*, 356 F. Supp. 2d 374, 379 (S.D.N.Y. 2005).

In this case, the Court finds that additional evidence is necessary before the Court may award damages, fees, and costs.  To facilitate this, the Court grants Plaintiff's request to obtain discovery from Defendant to determine the amount of its damages and submit such evidence to the Court.  The Court will refer this matter to Magistrate Judge Hummel to facilitate Plaintiff obtaining this limited discovery.

The Court further finds that Plaintiff is entitled to permanent injunctive relief, as requested in its motion.  As set forth below, Defendant, its affiliates, owners, members, business partners, contractual relationships, officers, directors, employees, agents, servants, representatives and

attorneys, and any and all persons acting for, with, by, through, under or in active concert with Defendant are immediately and permanently enjoined from engaging in the conduct underlying this action, as described in detail below.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default (Dkt. No. 17) is **GRANTED** as to liability only; and the Court further

**ORDERS** Defendant, its affiliates, owners, members, business partners, contractual relationships, officers, directors, employees, agents, servants, representatives and attorneys, and any and all persons acting for, with, by, through, under or in active concert with Defendant are immediately and permanently **ENJOINED and RESTRAINED** from the following:

    a.    making, using, advertising, promoting, offering to sell, selling, distributing, importing, or transferring any products, including the Accused Products, that in any way infringe, either literally or under the doctrine of equivalents, the Asserted Patents;

    b.    secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any Accused Products or similarly infringing products; (ii) any evidence relating to Defendant's infringing activities; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned,

        controlled, or held by, or subject to access by, Defendant, including, but not limited to, any assets held by or on behalf of Defendant;

c.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b) herein; and the Court further

**ORDERS** that this matter is **REFERRED** to the Honorable Christian F. Hummel for the purpose of overseeing the limited discovery permitted by this Memorandum-Decision and Order; and the Court further

**ORDERS** that, upon completion of discovery, Plaintiff shall file its motion for damages and attorneys' fees, as requested in its motion for default judgment; and the Court further

**ORDERS** that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 10, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge