UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BHSD TRADING LLC,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 1:23-cv-00225-MAD-CFH<br><br>Judge Mae A. D'Agostino<br>Magistrate Judge Christian F. Hummel |

**PLAINTIFF TELEBRANDS CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL**

　　　Plaintiff Telebrands Corporation ("Telebrands") respectfully requests the Court to seal limited portions of its Memorandum of Law in support of its Motion for Damages and certain exhibits thereto. Specifically, Telebrands seeks to redact from its Memorandum of Law and the Declaration of Christopher Anderson in support of Telebrands' Motion for Damages: (i) Defendant BHSD Trading LLC's ("BHSD Trading") confidential sales data; and (ii) confidential license agreements between Telebrands and third parties. Telebrands further requests sealing portions of the Declaration of Michael J. Zinna and exhibits to same offered in support of Telebrands' Motion consisting of (i) a spreadsheet containing BHSD Trading's confidential sales data; (ii) account summaries containing BHSD's confidential sales data; and (iii) confidential license agreements between Telebrands and third parties.

　　　Regarding BHSD Trading's confidential sales data, Telebrands makes no representation regarding the confidentiality of BHSD Trading's sales data, but nevertheless moves the court for an order sealing the same in effort to prevent public disclosure of any BHSD Trading's confidential information and any resulting prejudice to BHSD Trading. Sales data is a well-recognized basis for overcoming any presumption against sealing. *See, e.g.*, *AngioDynamics,*

*Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598-BKS-CFH, 2021 WL 2403107, *1, (N.D.N.Y. Jun. 11, 2021) (granting motion to seal exhibits containing "confidential sales and market share information").

Regarding Telebrands' license agreements with third parties, these materials contain confidential, competitively sensitive business information, including pricing information and other provisions Telebrands has negotiated in confidential settings with third parties. Confidential, competitively sensitive business information contained in documents is a well-recognized basis for overcoming any presumption against sealing. *See, e.g.*, *AngioDynamics*, 2021 WL 2403107, *1 (granting motion to seal exhibits containing "confidential sales and market share information"). As several courts within the Second Circuit have explained, "[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Grayson v. Gen. Elec. Co.*, No. 3:13-cv-1799 (WWE), 2017 WL 923907, *1 (D. Conn. Mar. 7, 2017) (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)). Telebrands license agreements with third parties are appropriate to seal because of Telebrands' privacy interests in the competitively-sensitive, confidential, business information contained therein.

This motion is narrowly tailored to request sealing of only the specific commercially sensitive information that, if revealed, would provide an unfair advantage to competitors of Telebrands and BHSD Trading.

DATED: July 26, 2024    Respectfully submitted,

    */s/ Michael J. Zinna*
Michael J. Zinna (NDNY Bar No. 704313)
Vincent M. Ferraro (NDNY Bar No. 704316)
KELLEY DRYE & WARREN LLP
3 World Trade Center
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: MZinna@KelleyDrye.com
Email: VFerraro@KelleyDrye.com

*Attorneys for Plaintiff*
*Telebrands Corporation*