**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TELEBRANDS CORPORATION, | Civil Action No. 1:23-cv-00225-MAD-CFH |
| Plaintiff, | Judge Mae A. D'Agostino |
| v. | Magistrate Judge Christian F. Hummel |
| BHSD TRADING LLC, | |
| Defendant. | |

**TELEBRANDS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DAMAGES, PRE- AND POSTJUDGMENT INTEREST AND COSTS**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................................... 2
    A. The Parties, Patents, and Products ........................................................................ 2
        1. Telebrands and the Asserted Patents .......................................................... 2
        2. BHSD Trading ........................................................................................... 2
    B. BHSD's Knowledge of the Asserted Patents and Willful Conduct ....................... 2
    C. The Lawsuit and Default Judgment Order ............................................................ 3
III. LAW AND ARGUMENT ................................................................................................ 5
    A. Legal Standard ...................................................................................................... 5
    B. Telebrands is Entitled to "Base" Compensatory Damages Based on its Established Reasonably Royalty, Treble Damages, Pre- and Postjudgment Interest and Costs for BHSD Trading's Willful Infringement .............................. 6
        1. Telebrands' License Agreements Show an Established Royalty Rate ............................................................................................................ 7
        2. The Requested Award is Also Proper Under a Reasonable Royalty Analysis using the *Georgia-Pacific* Factors ................................................ 8
        3. Defendant's Willful Infringing Conduct Warrants Treble Damages ......... 8
        4. Attachment of BHSD'S Accounts ............................................................ 11
        5. Pre- and Postjudgment Interest and Costs ............................................... 12
            i. Prejudgment Interest .................................................................... 13
            ii. Postjudgment Interest .................................................................. 14
            iii. Costs ............................................................................................ 14
IV. CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
   807 F.2d 964 (Fed. Cir. 1986)................................................................................................13

*Centre Way Co. Ltd. v. Guangzhous Wakiki Trading Co., Ltd.*,
   No. 1:22-cv-05674, Dkt No. 32 (S.D.N.Y. Dec. 1, 2022) .......................................................11

*Davis v. XPW Wrestling*,
   No. 5:23-CV-675, 2024 U.S. Dist. LEXIS 107623 (N.D.N.Y. Jun. 18, 2024) .........................6

*Dynamic Data Techs., LLC v. Dell Inc.*,
   18 Civ 10454 (AKH), 2019 U.S. Dist. LEXIS 69667 (S.D.N.Y. Apr. 23, 2019)....................10

*Eicher Motors Ltd. v. Individuals Identified on Schedule A Hereto*,
   No. 22-CV-2458, 2022 WL 3081869 (N.D. Ill. Aug. 3, 2022) ...............................................11

*Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020)............................................................................................9, 10

*Fitzgerald Edibles, Inc. v. Osborne Tenants Corp.*,
   No. 150625/2012, 2018 N.Y. Misc. LEXIS 1785 (Sup Ct, NY County May 9, 2018)...........14

*Fustock v. ContiCommodity Servs., Inc.*,
   873 F.2d 38 (2d Cir. 1989)........................................................................................................6

*General Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983)................................................................................................................13

*Georgia Pacific v. United States Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970), *modified and aff'd* 446 F.2d 295 (2d Cir. 1971) .............8

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
   973 F.2d 155 (2d Cir. 1992).......................................................................................3, 4, 8, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016)..................................................................................................................11

*Kane v. City of Ithaca*,
   No. 3:19-CV-0074 (ML), 2020 WL 372747 (N.D.N.Y. Jan. 22, 2020) .................................15

*Laitram Corp. v. NEC Corp.*,
   115 F.3d 947 (Fed. Cir. 1997).................................................................................................13

*Levitation Arts, Inc. v. Plox, Inc.*,
    No. CV 17-1476, 2020 WL 3103894 (D. Del. June 11, 2020)..................................................7

*Levitation Arts, Inc. v. Plox, Inc.*,
    No. CV 17-1476-MN, 2020 WL 2730905 (D. Del. May 26, 2020) .........................................7

*Mahoney v. Brockbank*,
    143 A.D.3d 200, 203-04 (N.Y. Ct. App. 2d 2016) ................................................................14

*McGuigan v. CAE Link Corp.*,
    155 F.R.D. 31 (N.D.N.Y. 1994)..............................................................................................15

*Oiness v. Walgreen Co.*,
    88 F.3d 1025 (Fed. Cir. 1996)................................................................................................13

*Pow! Ent., LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, &
    Unincorporated Associations Identified On Schedule A Hereto*,
    No. 20 CV 1324, 2020 WL 5076715 (N.D. Ill. Aug. 26, 2020)..............................................11

*PPC Broadband, Inc. v. Corning Optical Communs. RF, LLC*,
    No. 5:11-cv-761, 2016 U.S. Dist. LEXIS 152450 (N.D.N.Y. Nov. 3, 2016)..........................14

*RE/MAX, LLC v. Robert Goodman Realty, LLC*,
    No. 1:17-CV-0526, 2018 U.S. Dist. LEXIS 101788 (N.D.N.Y. Jun. 19, 2018) .......................6

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*,
    109 F.3d 105 (2d Cir. 1997).....................................................................................................6

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*,
    699 F.3d 1340 (Fed. Cir. 2012).................................................................................................7

*Wang Lab., Inc. v. Toshiba Corp.*,
    993 F.2d 858 (Fed. Cir. 1993)...................................................................................................5

**Statutes**

28 U.S.C. § 1920................................................................................................................5, 15

28 U.S.C. § 1920(1) ...................................................................................................................15

28 U.S.C. § 1920(a) ...................................................................................................................15

35 U.S.C. § 284 ....................................................................................................7, 9, 10, 13

35 U.S.C. § 286.............................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 54(d) ...................................................................................................................5

Fed. R. Civ. P. 55(b)(2)................................................................................................................1

Local Rule 54.1 .....................................................................................................................5, 15

Local Rule 55.2(b) .......................................................................................................................1

NY CPLR § 5003 .......................................................................................................................14

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b) and the Court's Memorandum-Decision and Opinion of October 10, 2023 (Dkt. No. 19), Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion for Damages, Pre- and Postjudgment Interest, and Costs against BHSD Trading LLC ("Defendant" or "BHSD Trading").

Following BHSD Trading's failure to answer Telebrands' Complaint for patent infringement against BHSD Trading for its offers for sale and sales of the Joeys Garden Expandable Garden Hose products ("Infringing Products") that infringe U.S. Patent Nos. 9,581,272 ("the '272 Patent") and 10,174,870 ("the '870 Patent") (collectively, "the Asserted Patents"), the Court granted Telebrands' Motion for Default Judgment as to liability. *See* Dkt. No. 19 at 7. The Court also awarded Telebrands an immediate and permanent injunction against BHSD Trading and granted Telebrands' motion to conduct damages discovery to enable the Court to make an informed determination on damages based on BHSD Trading's sales of the Infringing Products. *Id.* at 7-8. The Court further ordered Telebrands to file its motion for damages upon the completion of damages discovery. *Id.* at 8. Telebrands has since obtained BHSD Trading's sales information and after consideration of that data now respectfully moves the Court to award it $10,902,390.29, representing a ▬ reasonable royalty on these sales, treble damages for willful infringement, prejudgment interest, and costs accrued to date. Telebrands further requests the Court attach a 9% postjudgment interest rate to this award.

1

## II.     FACTUAL BACKGROUND

### A.     The Parties, Patents, and Products

#### 1.     Telebrands and the Asserted Patents

For over thirty years Telebrands has been a leading developer and marketer of consumer products, such as its expandable garden hose, commonly known as the POCKET HOSE® hose. Dkt. No. 1, Complaint at ¶¶ 16-17. Telebrands is the owner of about two dozen United States patents related to expandable garden hoses, including the two Asserted Patents. The '272 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on February 28, 2017, and the '870 Patent was duly and lawfully issued by the USPTO on January 8, 2019. *Id.* at ¶¶ 12, 13.

#### 2.     BHSD Trading

BHSD Trading is a corporation organized and existing under the laws of the State of New York, purporting to have its principal place of business and registered address at 405 2nd Street, Troy, New York 12180. Dkt. No. 1, Complaint at ¶ 3. BHSD Trading is an online retailer that, prior to the Court's injunction, was promoting and selling the Infringing Products online, including on its website and on Amazon.com ("Amazon"). *Id.* at ¶ 18. BHSD Trading has impermissibly promoted, offered for sale, and sold infringing expandable hose products embodying the inventions protected by Telebrands' Asserted Patents. *Id.*

### B.     BHSD's Knowledge of the Asserted Patents and Willful Conduct

Telebrands' Complaint asserts well-pleaded allegations[1] that BHSD Trading had prior knowledge of the Asserted Patents since at least their issuance "due to the massive popularity of

---

[1] BHSD Trading's default is deemed to be a concession of all well-pleaded allegations. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Telebrands' POCKET HOSE® hose and previous patent litigations regarding family members of the [Asserted Patents] against other manufacturers of similarly infringing expandable hoses." Dkt. No. 1, Complaint at ¶¶ 25, 43. Telebrands' Complaint further asserts well-pleaded allegations regarding BHSD Trading's willful infringing conduct: "despite having knowledge of the [Asserted Patents], BHSD Trading has sold, offered to sell, and promoted the Accused Products with specific intent to encourage and cause infringement of the [Asserted Patents] by customers and retailers." *Id.* at ¶¶ 26, 44. The Complaint further asserts that:

> BHSD Trading has actively induced others and continues to actively induce others to infringe the [Asserted Patents] by marketing, offering for sale and selling the Accused Products, knowing and intending that such products would be used by end users in a manner that infringes the [Asserted Patents] and knowing that retailers would offer to sell and sell the Accused Products. To that end, BHSD Trading provides instructions and information to its customers and the end users that such Accused Products be used to infringe the [Asserted Patents].

*Id.* at ¶¶ 27, 45. Finally, the Complaint asserts that "[s]ince at least the date of issuance of the [Asserted Patents], BHSD Trading has had actual knowledge of the [Asserted Patents], and the fact that the Accused Products infringe the [Asserted Patents], including through its likely copying of the POCKET HOSE® hose," and that "BHSD Trading has taken no steps to remedy any infringement." *Id.* at ¶¶ 28, 46. All of these well-pleaded allegations have now been conceded in light of BSHD Trading's default. *See Greyhound Exhibitgroup*, 973 F.2d at 158 ("a party's default is deemed to constitute a concession of all well pleaded allegations of liability").

### C. The Lawsuit and Default Judgment Order

On February 17, 2023, Telebrands initiated this action against BHSD Trading by filing a Complaint directed to BHSD Trading's infringement of the Asserted Patents. Dkt. No. 1. Telebrands effectuated service on March 10, 2023. Dkt. No. 11. After BHSD Trading failed to

3

respond to the Complaint, Telebrands requested an entry of default on April 26, 2023, which the Clerk entered on April 27, 2023. Dkt. No. 12–13. Telebrands moved for Default Judgment as to BHSD Trading's liability for patent infringement on May 30, 2023, requesting: (1) a permanent injunction, (2) an order permitting Telebrands to conduct limited discovery into BHSD Trading's infringing sales, (3) an award of monetary damages, including all assets in BHSD Trading's online marketplace accounts, (4) an award of treble damages, reasonable attorneys' fees, costs and expenses, and pre- and postjudgment interest to be determined following completion of damages discovery, and (5) any additional award the Court deems just and proper. *See* Dkt. No. 17 at 17. On October 10, 2023, the Court granted Telebrands' motion as to BHSD Trading's liability for patent infringement, entered a permanent injunction against BHSD Trading, and granted Telebrands' request to conduct limited damages discovery. *See* Dkt. No. 19 at 7-8.

Telebrands subsequently obtained damages discovery from BHSD Trading, including BHSD Trading's purported sales records for the Infringing Products. *See* Zinna Affidavit at ¶ 9, Ex. 1 thereto.[2] BHSD Trading's sales records reflect that BHSD Trading has generated approximately ▮▮▮▮▮▮▮▮ in revenue from sales of the Infringing Products during the relevant damages period.[3] *See* Anderson Decl. at ¶ 34.

---

[2] References to the Zinna Affidavit and Anderson Declaration refer to the concurrently-filed Affidavit of Michael J. Zinna in Support of this Motion and the Declaration of Christopher H. Anderson, respectively.

[3] Patent holders are entitled to damages for infringement starting from six years prior to the filing of a complaint, through to the present. *See, e.g.*, *Wang Lab., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993); 35 U.S.C. § 286. Here, Telebrands filed its Complaint on February 17, 2023. The first of the two Asserted Patents issued on February 28, 2017, 11 days after exactly six years before the Complaint was filed, so sales from February 28, 2017 through present are in play here. *See* Dkt. No. 1, Complaint at ¶ 12. BHSD Trading provided financial information from February 28, 2017, so the damages calculations in this motion accurately reflect the full damages period. Zinna Affidavit at ¶ 9; *see also id.* at ¶ 10 and Exhibits 1-2 thereto.

Telebrands now files this Motion for Damages, Pre- and Postjudgment Interest, and Costs, seeking an award of monetary damages for BHSD Trading's sales of the Infringing Products. For the following reasons, the Court should award Telebrands $10,902,390.30 in damages. This number represents $2,924,157.12 in compensatory damages for BHSD Trading's infringement (applying a ███ royalty to BHSD Trading's total sales of the Infringing Products, based on Telebrands' established royalty rate for its expandable hose patents), trebled to $8,772,471.36 ($2,924,157.12 x 3) because of Plaintiff's willful infringement, plus $2,128,650.23 in prejudgment interest,[4] and $1,268.70 in costs.[5] Anderson Decl. at ¶¶ 34–36.

## III.   LAW AND ARGUMENT

### A.   Legal Standard

"Once liability has been established, a court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Davis v. XPW Wrestling*, No. 5:23-CV-675 (FJS/MJK), 2024 U.S. Dist. LEXIS 107623, at *9 (N.D.N.Y. Jun. 18, 2024) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "This inquiry 'involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule.'"

---

[4] This figure reflects prejudgment interest on the requested treble damages that has accrued from February 28, 2017, the date the '272 Patent issued, through July 26, 2024. Anderson Decl. at ¶ 36. Prejudgment interest continues to accrue on this amount at a daily rate of 0.025% or $2,163.08 per day, representing 9% per annum. *Id.* at ¶¶ 34–35. Should the Court decline to award treble damages, Telebrands requests prejudgment interest of $709,550.08, representing the interest accrued from February 28, 2017 through July 26, 2024 on its base compensatory damages of $2,924,157.12. *Id.* at ¶¶ 33, 35. Prejudgment interest continues to accrue on this amount at a daily rate of 0.025% or $721.03 per day, representing 9% per annum. *Id.* at ¶¶ 34–35.

[5] This figure reflects costs accrued prior to service of this motion and the Court's order regarding this motion. Costs continue to accrue in this matter and Telebrands will submit a full accounting of costs within 30 days of judgment, pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54.1.

5

*RE/MAX, LLC v. Robert Goodman Realty, LLC*, No. 1:17-CV-0526 (GTS/CFH), 2018 U.S. Dist. LEXIS 101788, at *10 (N.D.N.Y. Jun. 19, 2018). If a plaintiff's submitted evidence provides a sufficient basis from which to evaluate the fairness of the requested damages, the court need not conduct an evidentiary hearing. *See Fustock v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). *See also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (explaining that a court may determine appropriate damages based on affidavits and documentary evidence "as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment") (citation omitted)).

### B. Telebrands is Entitled to "Base" Compensatory Damages Based on its Established Reasonably Royalty, Treble Damages, Pre- and Postjudgment Interest and Costs for BHSD Trading's Willful Infringement

Telebrands seeks and is entitled to monetary damages in the way of reasonable royalties from BHSD Trading's sales of the Infringing Products. As explained below, the established royalty rate that Telebrands has obtained from other licenses when applied to BSHD Trading's sales of the Infringing Products supports the reasonable royalty damages award that Telebrands now seeks. Further, because BHSD Trading's infringement has been willful,[6] Telebrands also seeks and is entitled to have its damages award trebled by the Court. Lastly, Telebrands seeks and is entitled to pre- and postjudgment interest on its trebled damages award as well as its reasonable costs associated with filing and litigating this case.

---

[6] The allegations of the Complaint that establish that BHSD Trading willfully infringed the Asserted Patents must be taken as true because BHSD Trading has already defaulted. *See Greyhound Exhibitgroup*, 973 F.2d at 158 ("a party's default is deemed to constitute a concession of all well pleaded allegations of liability").

        1.       <u>Telebrands' License Agreements Show an Established Royalty Rate</u>

Telebrands is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "The reasonable royalty <u>may be based upon an established royalty, if there is one</u>, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*, 699 F.3d 1340, 1357-59 (Fed. Cir. 2012) (emphasis added). If there is an established royalty rate, a party may calculate its reasonable royalty compensatory damages using the formula: "(price of Accused Product) × (# of Accused Products sold) × (royalty rate)" *See Levitation Arts, Inc. v. Plox, Inc.*, No. CV 17-1476-MN, 2020 WL 2730905, at *3 (D. Del. May 26, 2020), *report and recommendation adopted*, 2020 WL 3103894 (D. Del. June 11, 2020); Anderson Decl. at ¶ 7.

Telebrands seeks monetary damages in line with this well-established reasonable royalty formula, which applies here because there is an established royalty rate. Telebrands has entered into four licensing and/or settlement agreements with other entities regarding the same Asserted Patents—each requiring payment to Telebrands in the amount of ▮ of the total revenue received by the licensee for the sale of the licensee's infringing products. Anderson Decl. at ¶¶ 11–18. Thus, a ▮ royalty rate has been established for these Asserted Patents. *See Transocean Offshore Deepwater Drilling, Inc.*, 699 F.3d at 1357–59 (reversing judgment as a matter of law of no damages and affirming jury's damages award based on royalties paid under existing licenses).

To calculate Telebrands' damages, the Court should multiply the average price of the Infringing Products by number of units of Infringing Products sold by ▮. As evidenced by the

7

sales records produced by BHSD Trading, BHSD Trading sold ▆▆▆ units of the Infringing Products and generated ▆▆▆▆▆▆ in revenue from these sales.[7] Anderson Decl. at ¶ 34. The number of units sold (▆▆▆) and average sale price per unit (▆▆▆) multiplied by ▆▆, results in $2,924,157.12 in compensatory damages. Ex B, Anderson Decl. at ¶ 34.

### 2. The Requested Award is Also Proper Under a Reasonable Royalty Analysis using the *Georgia-Pacific* Factors

Telebrands' damages expert, Christopher Anderson, has also performed an analysis of the *Georgia-Pacific* factors – a method that is widely utilized by courts to determine reasonable royalty rates in patent infringement cases. *See Georgia Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd* 446 F.2d 295 (2d Cir. 1971); Anderson Decl., at ¶¶ 11–34. Mr. Anderson's analysis shows the parties would have agreed to a ▆▆▆ reasonable royalty rate following a hypothetical negotiation. *Id.* Accordingly, $2,924,157.12 is the proper award of compensatory damages under this analysis too. *Id.* at ¶ 34.

### 3. Defendant's Willful Infringing Conduct Warrants Treble Damages

The Court should award treble damages because the allegations of the Complaint, which must be taken as true particularly since the Court has already entered default as to liability, establish willful infringement. *See Greyhound Exhibitgroup*, 973 F.2d at 158 ("a party's default is deemed to constitute a concession of all well pleaded allegations of liability"). A court has the discretion to increase the damages for patent infringement "up to three times the amount . . . assessed." 35 U.S.C. § 284. Enhanced damages are warranted under 35 U.S.C. § 284 when a prerequisite finding has been made that defendant's infringement is willful — meaning "deliberate or intentional" — and when that willful infringement constitutes "egregious

---

[7] Thus, the Infringing Product's average sale price was approximately ▆▆▆▆▆▆▆▆▆ ).

behavior" or that which is "worthy of punishment" as determined by the Court. *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020).

Taking the following allegations in the Complaint as true, as the Court must in light of BHSD Trading's default, BHSD Trading's willful and deliberate infringement of the Asserted Patents constitutes egregious behavior that subjects it to treble damages:

- "BHSD Trading had knowledge of the [Asserted Patents] since at least [their] issuance . . . due to the massive popularity of Telebrands POCKET HOSE® hose and previous patent litigations regarding family members of the [Asserted Patents] against other manufacturers of similarly infringing expandable hoses." *See* Dkt. No. 1 at ¶¶ 25, 43;

- "BHSD Trading's infringement [of the Asserted Patents] has been and continues to be willful and deliberate." *See id.* at ¶¶ 36, 54;

- "Despite having knowledge of the [Asserted Patents] since at least [their] issuance, BHSD Trading has sold, offered to sell, and promoted the Accused Products with specific intent to encourage and cause infringement." *See id.* at ¶¶ 26, 44;

- "BHSD Trading has actively induced others and continues to actively induce others to infringe the [Asserted Patents] by marketing, offering for sale, and selling the Accused Products, knowing and intending that such products would be used by end users in a manner that infringes the [Asserted Patents] and knowing that retailers would offer to sell and sell the Accused Products. To that end, BHSD Trading provides instructions and information to its customers and the end

9

      users that such Accused Products be used to infringe the [Asserted Patents]." *See id.* at ¶¶ 27, 45; and

- "Since at least the date of the issuance of the [Asserted Patents], BHSD Trading has had actual knowledge of the [Asserted Patents], and the fact that the Accused Products infringe [the Asserted Patens], including through its likely copying of the POCKET Hose® hose [and] BHSD Trading has taken no steps to remedy any infringement." *See id.* at ¶¶ 28, 46.

      In *Dynamic Data*, the Southern District of New York found the plaintiff had sufficiently alleged willful infringement based on the defendant's knowledge of the asserted patents and intent to induce infringement of them. *See Dynamic Data Techs., LLC v. Dell Inc.*, 18 Civ 10454 (AKH), 2019 U.S. Dist. LEXIS 69667, *9-11 (S.D.N.Y. Apr. 23, 2019). Specifically, the court found plaintiff had sufficiently pled defendant's knowledge of the asserted patents through allegations that the "patents were well known and commonly cited in the industry." *Id.* at *9–10. The court also found that plaintiff had sufficiently pled that defendant intended to infringe plaintiff's patents through allegations that defendant "was aware that normal and customary use of its products would infringe, and [] Defendant encouraged its customers to infringe by providing them with product manuals and other information about how to use its products." *Id.* Telebrands' similar willfulness allegations are likewise well-pleaded. *See* Dkt. No. 1 at ¶¶ 25-28, 36, 43-46, 54. The Court must therefore accept these well-pleaded allegations as conceded, and accordingly find BHSD Trading willfully infringed the Asserted Patents. *See Greyhound Exhibitgroup*, 973 F.2d at 158 ("a party's default is deemed to constitute a concession of all well pleaded allegations of liability"); *Dyanmic Data Techs*, 2019 U.S. Dist. LEXIS 69667 at *9–11.

"The question of enhanced damages is addressed by the court once an affirmative finding of willfulness has been made." *Eko Brands*, 946 F.3d at 1378. "Section 284 allows district courts to punish the full range of culpable behavior" and courts are permitted to exercise their discretion in deciding whether to award enhanced damages, and in what amount. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016). The Supreme Court has recognized, a "'wanton and malicious pirate' who intentionally infringes another's patent . . . for no purpose other than to steal the patentee's business" is one of the "most culpable offenders" warranting enhanced damages. *See Halo Elecs.*, 579 U.S. at 104. Here, because, as well-pleaded in the Complaint, BHSD Trading knew of the Asserted Patents since their issuance and knew its expandable hoses infringed the Asserted Patents yet continued to sell them anyway, the only conclusion that can be reached is that BHSD Trading intentionally infringed Telebrands' patents for no purpose other than to steal sales from Telebrands. As such, BHSD Trading's conduct is egregious and wanton, and warrants treble damages. *See Halo Elecs.*, 579 U.S. at 104.

In light of BHSD Trading's egregious and willful infringement, Telebrands respectfully requests the Court to treble its requested base damages award to $8,772,471.36 (i.e., $2,924,157.12 x 3 = $8,772,471.36).[8] Anderson Decl. at ¶ 36.

    4.    <u>Attachment of BHSD'S Accounts</u>

Telebrands also seeks an attachment of any and all money in Defendant's merchant/online marketplace accounts. At least one other court in the Second Circuit has

---

[8] While Telebrands believes it is entitled to three times its compensatory damages in treble damages, the Court has discretion to award treble damages of any multiple up to three times the amount of the awarded compensatory damages. *See Halo Elecs.*, 579 U.S. at 103 ("The pertinent text of § 284 provides simply that 'the court may increase the damages up to three times the amount found or assessed.' That language contains no explicit limit or condition, and we have emphasized the 'word "may" clearly connotes discretion.'") (citations omitted).

attached the online marketplace accounts of a defaulting defendant. *See Centre Way Co. Ltd. v. Guangzhous Wakiki Trading Co., Ltd.*, No. 1:22-cv-05674, Dkt No. 32 (S.D.N.Y. Dec. 1, 2022); *see also Huang v. Individuals*, No. 23-cv-22812, 2024 U.S. Dist. LEXIS 52649, at *13 (S.D. Fla. Mar. 25, 2024) (ruling that "Plaintiff is entitled to all of the funds as currently restrained by the [Financial/e-commerce Accounts]" to account for damages for Defendant's infringement), *affirmed and adopted* at 2024 U.S. Dist. LEXIS 63552 (S.D. Fla. Apr. 5,2024); *Eicher Motors Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-cv-2458, 2022 WL 3081869, at *3 (N.D. Ill. Aug. 3, 2022) ("[w]hen . . . a case proceeds to default judgment, the contents of the defendants' merchant accounts are typically released to the plaintiff to satisfy the judgment."); *Pow! Ent., LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified On Schedule A Hereto*, No. 20-cv-1324, 2020 WL 5076715, at *3 (N.D. Ill. Aug. 26, 2020) ("it would likely be permissible to direct Amazon, PayPal, and eBay to turn over the contents of defendants' frozen accounts.").

As such, Telebrands respectfully requests the Court to order that all funds, up to the above-identified trebled damages award, contained in BHSD Trading's financial accounts, including funds held by third party providers, including Amazon, PayPal, Meta, and Shopify, be released to Telebrands to satisfy at least a portion of the damages awarded to Telebrands.

### 5. Pre- and Postjudgment Interest and Costs

Telebrands is entitled to pre- and postjudgment interest for any damages the Court awards for BHSD Trading's infringement of the Asserted Patents, as well as an award of its costs. *See* 35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement . . . together with *interest and costs* as fixed by the court.") (emphasis added).

### i. *Prejudgment Interest*

The Supreme Court has held that prejudgment interest should be awarded in patent infringement cases "absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). Prejudgment interest rates are not fixed, and courts have discretion to set it accordingly. *See Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). Courts have used both the T-bill rate and state statutory rates. *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997) (T-bill rate); *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1028 (Fed. Cir. 1996) (state statutory rate).

Another court in this district has previously awarded a patentee prejudgment interest at the New York state statutory rate of 9% per year, based on the infringer's annual sales. *PPC Broadband, Inc. v. Corning Optical Communs. RF, LLC*, No. 5:11-cv-761 (GLS/DEP), 2016 U.S. Dist. LEXIS 152450, *31–*32 (N.D.N.Y. Nov. 3, 2016). *See also* NY CPLR § 5004. *PPC Broadband* is instructive, and the Court should award Telebrands $2,128,650.23[9] in prejudgment interest as of the date this motion is filed, representing a 9% per year interest rate on the trebled damages award for BHSD Trading's infringing sales since the '272 Patent issued on February 28, 2017.[10] Anderson Decl. at ¶ 36. *See Fitzgerald Edibles, Inc. v. Osborne Tenants Corp.*, No. 150625/2012, 2018 N.Y. Misc. LEXIS 1785, *7 (Sup Ct, NY County May 9, 2018) ("treble damages are subject to pre-judgment interest.").

---

[9] This figure reflects prejudgment interest on the requested treble damages that has accrued as of July 26, 2024. Prejudgment interest continues to accrue on this amount at a daily rate of 0.025% or $2,163.08 per day, representing 9% per annum. Anderson Decl. at ¶ 37.

[10] Should the Court decline to award treble damages, Telebrands requests prejudgment interest of $709,550.08, representing the interest accrued from February 28, 2017, the date the '272 Patent issued, through July 26, 2024 on its requested "base" damages award. Prejudgment interest continues to accrue on this amount at a daily rate of 0.025% or $721.03 per day, representing 9% per annum. Anderson Decl. at ¶¶ 35, 37.

### ii.     *Postjudgment Interest*

With respect to postjudgment interest, NY CPLR § 5003 provides "[e]very money judgment shall bear interest from the date of its entry" and that includes on the prejudgment interest. *See Mahoney v. Brockbank*, 143 A.D.3d 200, 203-04 (N.Y. Ct. App. 2d 2016). Accordingly, postjudgment interest at a rate of 9% per annum from the date of service of the judgment automatically attaches to any judgment the Court awards. *Id. See also* NY CPLR § 5003. Telebrands therefore respectfully requests the Court to order that the 9% postjudgment interest rate attaches to the award in its order and judgment.

### iii.    *Costs*

The Affidavit of Michael J. Zinna in support of this Motion, filed concurrently herewith, documents Telebrands taxable costs associated with this case. Such taxable costs include the filing fee and fees for serving documents throughout this case. *See Kane v. City of Ithaca*, No. 3:19-CV-0074 (ML), 2020 WL 372747, *5 (N.D.N.Y. Jan. 22, 2020) ("[a]mong the items listed in 28 U.S.C. § 1920(a) as taxable costs are 'fees of the clerk and marshal,' which include the filing fee for a complaint."); *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 35 (N.D.N.Y. 1994) ("The costs of private process servers are generally recoverable under 28 U.S.C. § 1920(1)"). Pursuant to this affidavit, Telebrands is entitled to an award of $1,268.70 for its costs.[11] *See* Zinna Affidavit, at ¶¶ 15-17.

## IV.     **CONCLUSION**

For the reasons set forth above, Telebrands respectfully requests the Court to enter the Proposed Order, filed herewith, against BHSD, which includes an award of $10,902,390.30

---

[11] This figure reflects costs accrued prior to service of this motion. Costs continue to accrue in this matter and Telebrands will submit a full accounting of costs within 30 days of judgment, pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54.1.

14

(including treble damages, prejudgment interest and costs), attach a 9% postjudgment interest rate to the requested award, and attach any and all money in Defendant's merchant/online marketplace accounts as needed to fulfill the damages award.

DATED: July 26, 2024                    Respectfully submitted,


                                                       /s/ Michael J. Zinna
                                                      Michael J. Zinna (NDNY Bar No. 704313)
Vincent M. Ferraro (NDNY Bar No. 704316)
KELLEY DRYE & WARREN LLP
3 World Trade Center
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: MZinna@KelleyDrye.com
Email: VFerraro@KelleyDrye.com

*Attorneys for Plaintiff*
*Telebrands Corporation*