**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TELEBRANDS CORPORATION, | Civil Action No. 1:23-cv-00225-MAD-CFH |
| Plaintiff, | |
| v. | Judge Mae A. D'Agostino |
| | Magistrate Judge Christian F. Hummel |
| BHSD TRADING LLC, | |
| Defendant. | |

**AFFIDAVIT OF MICHAEL J. ZINNA IN SUPPORT OF PLAINTIFF**
**TELEBRANDS CORPORATION'S**
**MOTION FOR DAMAGES, PRE- AND POST-JUDGMENT INTEREST, AND COSTS**

Pursuant to Federal Rule Civil Procedure 55(b)(2) and Local Rule 55.2(b), I, Michael J. Zinna, hereby affirm as follows:

1.      I am an attorney licensed to practice in the State of New York and before the United States District Court for the Northern District of New York. I am a Partner at the law firm of Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054, and am counsel for Plaintiff Telebrands Corporation ("Plaintiff") in the above-captioned action against Defendant BHSD Trading LLC ("Defendant"). I have personal knowledge of the matters set forth in this Affidavit, and if called as a witness I would testify competently regarding such matters.

2.      I submit this Affidavit in support of Plaintiff's Motion for Damages, Pre- and Post-Judgment Interest, and Costs ("Motion for Damages").

3.      On October 10, 2023, the Court entered an order of default judgment against Defendant as to liability on Plaintiff's claims for patent infringement regarding Defendant's

manufacture, offer to sell and sale of its infringing expandable hoses ("Infringing Products"). Dkt. No. 19 at 7-8.

4.     The Court further granted Plaintiff's request to conduct limited damages discovery and ordered Plaintiff to submit a motion for damages after completing that discovery. *Id.*

5.     Plaintiff diligently pursued damages discovery from Defendant and attempted to amicably resolve this case over the course of several months from December 2023 to June 2024, but the parties have been unable to resolve their dispute.

6.     As set forth in Plaintiff's Motion for Damages, Plaintiff seeks an award of $10,902,390.30 in monetary damages, and an order that all assets in Defendant's online marketplace accounts be released to Plaintiff to satisfy any amount of the aforementioned award that Defendant claims it cannot pay, including Defendant's accounts operated by Amazon, PayPal, Meta, and Shopify.

7.     As set forth in Plaintiff's Motion for Damages, Plaintiff further seeks pre- and post-judgment interest on the damages awarded to Telebrands.

8.     As also set forth in Plaintiff's Motion for Damages, Plaintiff further seeks taxation of the costs it has reasonably incurred in this action.

9.     Attached hereto as Exhibit 1 is a true and correct copy of a spreadsheet provided by Defendant that purports to reflect Defendant's sales records for the Infringing Products during the relevant damages period (February 28, 2017 to present).

10.     Attached hereto as Exhibit 2 is a true and correct compilation of documents provided by Defendant that purports to reflect summaries of certain of Defendant's sales accounts during the relevant damages period (February 28, 2017 to present).

11.     Attached hereto as Exhibit 3 is a true and correct copy of a settlement and license agreement between Telebrands Corporation and ███████████████████.

12.     Attached hereto as Exhibit 4 is a true and correct copy of a settlement agreement between Telebrands Corporation and ████████████████.

13.     Attached hereto as Exhibit 5 is a true and correct copy of a settlement agreement between Telebrands Corporation and ███████████████.

14.     Attached hereto as Exhibit 6 is a true and correct copy of a settlement agreement between Telebrands Corporation, ████████████████████████ ████████.

15.     Attached as Exhibit 7 is a true and correct copy of an invoice for $402.00 for Plaintiff's case initiation fee with this Court.

16.     Attached as Exhibit 8 is a true and correct copy of an invoice for $440.00 for serving Plaintiff's Motion for Default Judgment on Defendant.

17.     Attached as Exhibit 9 is a true and correct copy of an invoice for $426.70 for serving the Court's Opinion and Order on Plaintiff's Motion for Default Judgment on Defendant.

18.     Attached as Exhibit 10 is a true and correct copy of a Declaration provided by Isaac Perlmutter.

19.     Attached as Exhibit 11 is a true and correct copy of e-mail correspondence between non-litigation counsel for BHSD Trading LLC and I from May 1 to May 9, 2024.

20.     Exhibits 7-9 reflect disbursements sought to be taxed that have been made in this matter.

3

21.     Plaintiff will necessarily incur the further cost of serving its Motion for Damages and any subsequent Order from the Court related to Plaintiff's Motion for Damages. Plaintiff will seek taxation of these costs in due course.

22.     The relief sought in the Proposed Order accompanying Plaintiff's Motion for Damages is justly due and owing and no part has been paid by Defendant.

23.     Concurrent with the filing of this Affidavit, I am tendering Plaintiff's Motion for Damages and all accompanying declarations and exhibits to a process server for service upon Defendants.

24.     In due course, I will cause proof of service of Plaintiff's Motion for Damages and all accompanying declarations and exhibits on Defendant to be filed with the Court.

25.     This Affidavit is executed in accordance with Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b) for the purpose of having the Court enter an award of monetary damages, pre- and post-judgment interest and costs, as set forth in Plaintiff's accompanying Motion for Damages, against Defendant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on July 26, 2024.

Michael J. Zinna