UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

TELEBRANDS CORPORATION,

                              Plaintiff,                      **AFFIRMATION IN**
                                                              **OPPOSITION**

              -against-                                       Case No. 1:23-cv-00225-MAD-CFH

BHSD TRADING LLC                                              Judge Mae A. D'Agostino
                                                              Magistrate Judge Christian F. Hummel

                              Defendant.
----------------------------------------------------------------x

       Adam K. Kurland, an attorney duly admitted to practice in the United States District Court, Northern District of New York, under penalties of perjury, hereby declares that:

       1.     I am a member of the law firm of Adam K. Kurland, Attorney at Law, P.C., attorneys for Defendant and as such am fully familiar with the facts and proceedings heretofore had herein.

       2.     I submit this Affirmation in opposition to Plaintiff's motion for Damages, Pre- and Post-Judgment Interest, and Costs.

       3.     On October 10, 2023, the Court entered a Decision and Order granting Plaintiff's motion for default judgment against Defendant BHSD Trading LLC ("Defendant BHSD") as to liability only for patent infringement. See Dkt. 19.

       4.     Thereafter, Plaintiff filed a letter motion requesting consent to file a motion for damages and acknowledged to the Court that "Plaintiff has obtained damages discovery from Defendant." See page 1, Dkt. 31.

       5.     On July 11, 2024, the Court granted Plaintiff's request to file a motion for damages, noting that "[a]lthough Defendant has defaulted in this matter, the Court will permit Defendant to file a response in opposition to the motion for damages." See Dkt. 32.

6.     The within opposition shall serve as Defendant BHSD's response to Plaintiff's motion for damages.

## **INTRODUCTION**

7.     Plaintiff's motion for damages arising out of Defendant BHSD's default in this matter is ripe with deception.

8.     Plaintiff seeks more than $***11 million***$ in damages from Defendant BHSD as a result of its alleged infringement of Plaintiff's products, however, Defendant BHSD never engaged in any direct infringement over any of Plaintiff's products, nor could it have. Defendant BHSD has never sold *any* consumer products, Plaintiff's or otherwise.

9.     Defendant BHSD simply owns several trademarks related to certain consumer products and licenses those trademarks to other companies that sell on platforms like Amazon. A true and accurate copy of a representative  representation of Defendant BHSD's registration is annexed hereto as **Exhibit "A"**.

10.     Therefore, while Plaintiff did indeed obtain a default against Defendant BHSD as a result of Defendant BHSD's failure to appear in this action, it is evident that Plaintiff sued the wrong entity in their quest to bring a lawsuit against infringers of their products.

11.     Indeed, as explained below, some of the documents Plaintiff relies upon were obtained through settlement discussions with entirely different entities – companies that were readily identifiable on third-party platforms like Amazon. In its submission to this Court, Plaintiff excised email correspondence demonstrating that these materials were being provided by these separate companies on a confidential basis and solely for the purposes of settlement.

12.     The Court should deny the Motion for Damages and enter any other relief that it believes just and appropriate given Plaintiff's conduct and deception.

## STANDARD FOR MOTION FOR DAMAGES

13.     As noted in Plaintiff's motion, pursuant to relevant caselaw, "[o]nce liability has been established, a court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty…This inquiry 'involves two tasks: [1] **determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages** to be determined under this rule.' … If a plaintiff's submitted evidence provides a sufficient basis from which to evaluate the fairness of the requested damages, the court need not conduct an evidentiary hearing … a court may determine appropriate damages based on affidavits and documentary evidence 'as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment'." See page 5-6, Plaintiff's Memo of Law, Dkt. 34-1. *Emphasis added*.

14.     Further, while Plaintiff is correct that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (see page 6, Plaintiff's Memo of Law, Dkt. 34-1), a party's default is only deemed to constitute a concession of all well pleaded allegations of liability, "**it is not considered an admission of damages**. *See Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974); Fed.R.Civ.P. 8(d)." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)

15.     As discussed in greater detail hereinbelow, Plaintiff wholly failed to adduce any evidence whatsoever of Plaintiff's damages caused by Defendant.

## RELIEF REQUESTED EXCEEDS ORDER

16.     As an initial matter, Plaintiff exceeded the authority granted to it by this Court pursuant to this Court's text order dated July 11, 2024 (Dkt. 32) which partially granted Plaintiff's letter motion dated June 27, 2024 (Dkt. 31).

17.     Plaintiff's letter motion for permission to file its motion for damages speaks of the filing of a motion for damages <u>only</u>. <u>See</u> Dkt. 31.

18.     The partially-granted letter motion does not request, or even mention, a motion for non-financial relief nor any relief compelling any compliance by third parties, none of whom have even appeared in this action and therefore, are not under the jurisdiction of this Court.

19.     Despite this, Plaintiff's motion for damages includes a request that this Court "order that all funds … contained in BHSD Trading's financial accounts, including funds **held by third party providers**, including Amazon, PayPal, Meta, and Shopify, be released to [Plaintiff] to satisfy at least a portion of the damages awarded to [Plaintiff]." <u>See</u> page 12, Plaintiff's Memo of Law, Dkt. 34-1. *Emphasis added*.

20.     It should go without saying that a motion for damages should entail seeking a judgment for a specific dollar amount but not anything relating to the enforcement or collection of such a judgment.

21.     Given that this Court did not permit Plaintiff to file a motion requesting any relief beyond simply moving for an award of a specific figure of damages, such portion of Plaintiff's motion should be entirely disregarded by this Court.

### EXHIBIT 10 TO PLAINTIFF'S MOTION SHOULD BE STRIKEN FROM THE RECORD AND IGNORED BY THIS COURT

22.     Of utmost significance, annexed as an *unsealed* exhibit to Plaintiff's motion is a Declaration of Defendant BHSD's principal, Isaac Perlmutter, dated May 1, 2024 ("Perlmutter Declaration"). <u>See</u> Dkt. 34-12.

23.     As noted in paragraph 18 of the Affidavit of Plaintiff's counsel submitted with Plaintiff's motion for damages (<u>see</u> Dkt. 34-2), Plaintiff was provided the Perlmutter Declaration by Isaac Perlmutter.

24.     What Plaintiff's counsel fails to apprise the Court is that the Perlmutter Declaration was delivered to Plaintiff's counsel **confidentially** and was **never** permitted to be disclosed, filed or in any way used in the pending (or any other related) litigation.

25.     By email dated May 2, 2024 to Plaintiff's counsel, Your Affirmant advised Plaintiff's counsel as follows:

> "I am in possession of my client's signed declaration and exhibits.  I am prepared to **deliver it to you on the condition that it remains confidential and shall not be disclosed (other than to your client), filed or in any way used in the pending or any other related litigation**, other than in connection with the enforcement of a prospective agreement by and between the parties. Please reply to confirm." *Emphasis added.*

26.     In response thereto, Plaintiff's counsel stated "**agreed**." A true and accurate copy of such email exchange is annexed hereto as **Exhibit "B"**.

27.     The Court should note that Plaintiff's counsel curiously omitted from the email string annexed to Plaintiff's motion as Exhibit 11 (Dkt. 34-14) the two foregoing emails despite those emails being exchanged being squarely in the middle of the email exchange annexed as Plaintiff's Exhibit 11.

28.     Clearly, Plaintiff was not permitted to use the Perlmutter Declaration in support of its motion for damages and thus, this Court should not consider the Perlmutter Declaration or any argument presented by Plaintiff as a result of or pertaining to the substance of the Perlmutter Declaration.

## PLAINTIFF HAS NOT SUBMITTED ANY EVIDENCE THAT SUPPORTS ITS CALCULATION OF DAMAGES CAUSED BY DEFENDANT BHSD

29.     Even in the unlikely event this Court does not strike the Perlmutter Declaration, and/or considers that portion of Plaintiff's motion pertaining to its request for non-financial relief and relief compelling compliance by non-parties such as Amazon, Plaintiff still has not

established any damages incurred by it, let alone submitted any evidence that supports its calculation of damages caused by Defendant BHSD.

30.     The declaration of Plaintiff's damages expert, Christopher H. Anderson, ("Damages Expert Declaration") (Dkt. 34-14) states, in pertinent part, as follows:

> "I understand that Isaac Perlmutter is the sole member of [Defendant] BHSD, [non-party] The Garden Hose LLC ('Garden Hose'), and [non-party] YMMP LLC ('YMMP'), and that each of these companies made sales of expandable hose products accused of infringing [Plaintiff's] patents in this matter (see Declaration of Isaac Perlmutter, dated May 1, 2024).  For purposes of this declaration, **I may refer to BHSD, Garden Hose, and YMMP collectively as 'BHSD**.' " See page 1, footnote 1, Damages Expert Declaration. *Emphasis added.*

31.     It is clear that in a sneaky attempt to confuse the Court, Plaintiff has included two entirely distinct and separate non-party entities in its defined term for Defendant BHSD throughout its motion for damages[1]. See New York State Department of State entity information printouts of The Garden Hose LLC and YMMP LLC, true and accurate copies of which are collectively annexed hereto as **Exhibit "C"**.

32.     Of course, while Plaintiff's broad stroke definition of three separate entities as one entity, the sole Defendant herein, certainly fits their model of damages to establish historical sales records for Defendant BHSD, Plaintiff cannot expect this Court to entertain such devious deception and only evidence of sales records of Defendant BHSD alone should be considered by this Court.

## PLAINTIFF'S DAMAGES EXPERT'S DECLARATION SHOULD BE IGNORED AND, IF NOT, DOES NOT SUPPORT ANY AWARD OF DAMAGES AGAINST DEFENDANT BHSD

33.     Plaintiff relies *entirely* upon a declaration of its damages expert to support its calculation of damages sought in its motion for damages.

---

[1] This declaration should be ignored by the Court as the proverbial fruit of the poisonous tree.

34.     Much like the Perlmutter Declaration, the Court should not consider Plaintiff's damages expert's declaration as it, too, relies nearly entirely upon the Perlmutter Declaration (which is inadmissible) and, where it does not, upon documents that do not reflect *any* sales records of Defendant BHSD whatsoever.

35.     The damages expert's declaration states as follows:

> "The Memorandum-Decision and Order further states that, in order to facilitate the production of additional evidence, 'the Court grants Plaintiff's request to obtain discovery from Defendant to determine the amount of its damages.'[6]  As of the date of this declaration, **I have been provided a financial document relating to BHSD's infringing sales** made through Amazon.com and joeysgarden.com, which Mr. Isaac Perlmutter, BHSD's representative and sole member, represented 'reflect[s] all of BHSD's, Garden Hose's **and** YMMP's sales of expandable hoses.'[7] ." *Emphasis added.*

36.     Footnote 7 refers to nothing more than the inadmissible Perlmutter Declaration and an excel spreadsheet referred to by Plaintiff as the "BHSD Sales Data (P&L Report (second report).xlsx" (the "Excel Spreadsheet").

37.     The damages expert's declaration further states that:

> "From February 28, 2017 through December 31, 2023, BHSD sold infringing expandable garden hoses on Amazon.com and joeysgarden.com, earning total gross revenues of approximately  on such infringing sales, as detailed in the chart below:[8] ."

38.     Footnote 8 cites the Excel Spreadsheet as well as "The Garden Hose LLC Amazon Account Activity Summar[ies]" and "YMMP LLC Amazon Account Activity Summar[ies]" (collectively, "Amazon Reports").   See paragraphs 4 and 5, Damages Expert Declaration, Dkt. 34-14.

39.     As the Court can see following a review thereof, the **only** documents referenced in the entirety of the Damages Expert Declaration that allegedly relate to Defendant BHSD's sales records are (1) the <u>inadmissible</u> Perlmutter Declaration, (2), the Amazon Reports of two

companies, <u>neither of which are sole Defendant BHSD</u> and (3) the Excel Spreadsheet. <u>See</u> paragraphs 4, 5 and 34, **Damages Expert Declaration**.

40.     As to the Excel Spreadsheet referred to by Plaintiff as the "BHSD Sales Data (P&L Report (second report).xlsx)," the document does not actually reflect sales data of *only* Defendant BHSD, therefore, it appears Plaintiff is attempting to use the defined term "BHSD Sales Data" in order to pass the document off to the Court as something it is not.

41.      Instead, the Excel Spreadsheet sets forth, pursuant to the <u>inadmissible</u> Perlmutter Declaration, ***combined*** sales records for Defendant BHSD and two other non-party companies, The Garden Hose LLC and YMMP LLC. The sales records contained therein were not broken down by company and, therefore, the Excel Spreadsheet does not in any way set forth Defendant BHSD's specific sales records. <u>See</u> Plaintiff's Exhibit 10.

42.     In fact, like the Damages Expert Declaration, the only exhibits in Plaintiff's *entire motion* that supposedly relate to Defendant BHSD's sales alone are the <u>inadmissible</u> Perlmutter Declaration, the Excel Spreadsheet setting forth three companies combined sales records, and the Amazon Reports for two non-parties. <u>See</u> paragraphs 9 through 19, Affidavit of Plaintiff's counsel submitted with Plaintiff's motion for damages (Dkt. 34-2) and Exhibits 1, 2 and 10 of Plaintiff's motion.

43.     As the Court is well aware, there is only a single Defendant in this action, to wit: Defendant BHSD.

44.     The Garden Hose LLC and YMMP LLC are non-parties, entirely distinct from Defendant BHSD. <u>See</u> Exhibit "B".

45.     Any sales records relating to or including such non-parties are entirely worthless as far as determining sales records of only Defendant BHSD.

8

46.     While non-parties The Garden Hose LLC and YMMP LLC may have sold infringing products of Plaintiff, that has no bearing whatsoever on liability as to Defendant BHSD.

47.     As to a proper calculation of damages based upon the evidence brought forth by Plaintiff in their motion, the calculation of such damages against Defendant BHSD can only be $0.

48.     As stated by Plaintiff in its motion for damages, in order to calculate damages caused by an infringer, "the Court should multiply the average price of the infringing products **by number of units of infringing products sold by [the infringer]**." See page 7, Plaintiff's Memo of Law, Dkt. 34-1.

49.     No financial records provided to Plaintiff by Defendant evidence any sales records specific only to Defendant BHSD.

50.     No records or evidence used in support of Plaintiff's motion for damages evidence any sales records specific only to Defendant BHSD.

51.     In its Complaint, Plaintiff sought damages "in an amount to be ascertained at trial, including at least a reasonable royalty and/or [Defendant BHSD]'s lost profits together with interest and costs." See page 11, Dkt. 1.

52.     While Defendant BHSD may have been found liable for infringement of Plaintiff's products as a result of defaulting in this action, in its motion for damages, Plaintiff failed to establish that Defendant BHSD sold any infringing products and therefore, failed to establish any damages attributable to Defendant BHSD's alleged infringement of Plaintiff's products.

53.     Therefore, Plaintiff's motion for damages must be denied.

WHEREFORE, it is respectfully requested that Plaintiff's motion for damages be denied in its entirety and that this Court grant such other, further and different relief that this Court deems just and proper.

Dated: New City, New York
       August 21, 2024

_____
ADAM K. KURLAND