

**Michael J. Zinna**

Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, NJ 07054

Tel: (973) 503-5964
Fax: (973) 503-5950
MZinna@KelleyDrye.com

July 11, 2025

<u>Via ECF</u>
The Honorable Mae A. D'Agostino
United States District Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

    Re:    <u>*Telebrands Corporation v. BHSD Trading LLC*, No. 1:23-cv-225 (N.D.N.Y.)</u>

Dear Judge D'Agostino:

We write on behalf of Plaintiff Telebrands Corporation ("Telebrands") in the above-referenced matter. Pursuant to Local Rules 7.1(b)(2) and 37.1(b), Telebrands requests the Court's assistance with post-judgment discovery issues outstanding between Telebrands and Defendant BHSD Trading LLC ("BHSD" or "Defendant"). While the Local Rules direct parties seeking such relief to request a conference with the magistrate judge assigned to the case, Telebrands understands that Magistrate Judge Hummel has stepped down from the bench. Telebrands therefore respectfully directs this letter to Your Honor.

In short, Telebrands has been conducting post-judgment discovery in pursuit of the judgment entered in its favor against Defendant. As a part of this discovery, Telebrands served a valid deposition subpoena upon Defendant's sole member, Mr. Isaac Perlmutter ("Perlmutter"). Perlmutter has refused to sit for his deposition, stating that he will appear only as a representative of Defendant in a 30(b)(6) capacity, and not as an individual. A 30(b)(6) deposition will not be sufficient here because Defendant claims that it is assetless and only Perlmutter knows where those assets are now. In any event, discussing other discovery mechanisms is a bit of a red herring—Perlmutter has been served with a valid subpoena for his personal deposition and has not provided any legal authority for why he can ignore that subpoena, yet he continues to do so. Cases such as *Andes Petroleum Ecuadro Ltd. v. Occidental Expl. & Prod. Co.*, No. 21-cv-3930-AKH, 2022 WL 3227874 (S.D.N.Y. Aug. 10, 2022), discussed below, make clear that Telebrands is entitled to the deposition that it has asked for. Telebrands seeks an order directing Perlmutter to sit for his individual deposition within two weeks of such order. Telebrands accordingly requests a pre-motion conference with the Court at the Court's earliest availability to address this issue. More detail is set forth below.

July 11, 2025

I. **Background**

Telebrands filed this lawsuit on February 17, 2023 seeking damages and other relief as a result of Defendant's sales of expandable garden hose products, which infringed upon several patents held by Telebrands. (Dkt. 1.) On October 10, 2023, the Court entered an order of default judgment against Defendant as to liability only. (Dkt. 19.) The parties then participated in limited discovery related to damages, after which Telebrands filed its motion for damages on July 26, 2024. (Dkt. 34.) On January 15, 2025, the Court entered judgment in favor of Telebrands in the amount of $2,924,157.12 plus pre- and post-judgment interest and costs (the "Judgment"). (Dkt. 48-49.)

Once Defendant's time to appeal the Judgment expired, Telebrands began taking steps to enforce the Judgment. Telebrands docketed the Judgment with the Supreme Court of Rensselaer County in New York, where Defendant is registered, in order to effectuate a lien against Defendant's property in that county. Telebrands also served written discovery on Defendant. After some delay, Defendant responded to Telebrands' written discovery. The crux of Defendant's responses was that Defendant is assetless.

Accordingly, Telebrands desires to take the deposition of Perlmutter, Defendant's sole member, largely to determine what happened to the $14.5 million in revenue that was generated by sales of the accused products if Defendant is now "assetless" as it asserts. Telebrands does not just want to know what BHSD did with the money; it wants to know what Perlmutter did with it, which is a permissible inquiry under these circumstances. Yet, Telebrands likely could not easily obtain that information in a 30(b)(6) deposition because Perlmutter would likely say the information is not in BHSD's possession custody or control.

On May 30, 2025, Telebrands served a valid deposition subpoena (the "Subpoena") on Perlmutter pursuant to NY CPLR 5224(a)(1). *See* Ex. A (the Subpoena), Ex. B (affirmation of service); *see also* FRCP 69(b) (permitting the use of post-judgment discovery devices provided by the "procedure of the state where the court is located"). Telebrands also sent a courtesy copy of the Subpoena to Defendant's counsel, Mr. Adam Kurland. The Subpoena compelled Perlmutter's attendance at a deposition on June 12, 2025 in White Plains, New York, a location in compliance with NY CPLR 3110. Ex. A.

Telebrands has been met with evasive messages and delay tactics ever since. On June 8, 2025, Mr. Kurland acknowledged receipt of the subpoena and requested that the deposition be adjourned to either June 30, July 7, or July 8 to accommodate Mr. Kurland's schedule. Ex. C (email correspondence) at 4. Mr. Kurland also asked counsel for Telebrands to confirm that Perlmutter would be "testifying on behalf of and as the representative of BHSD Trading, LLC." *Id*.

The next day, June 9, 2025, counsel for Telebrands informed Mr. Kurland that Telebrands would agree to adjourn the deposition until July 8 as requested by Mr. Kurland, but that Telebrands intended on taking Perlmutter's deposition in his individual capacity, as the Subpoena directed. *Id*. at 3-4.

July 11, 2025

A week later, on June 17, 2025, Mr. Kurland stated that Perlmutter objected to being deposed in his individual capacity. The only basis Mr. Kurland stated for that objection was that "[a]ny information [Perlmutter] has and about which he may testify will be based on his ownership interest in [Defendant]." *Id*. at 2-3. Mr. Kurland also offered to host the July 8, 2025 deposition at his office in New City, NY. *Id*.

On June 27, 2025, counsel for Telebrands sent Mr. Kurland an updated subpoena, reflecting the date and location agreed upon by the parties: July 8, 2025 at Mr. Kurland's office in New City, NY. Ex. D (updated subpoena); Ex. E (email correspondence) at 4. Mr. Kurland once again objected without elaboration or foundation to Perlmutter's individual deposition. Ex. E at 3.

The parties have not made meaningful progress since that exchange and are at an impasse. Telebrands' counsel has informed Mr. Kurland numerous times that there is no basis to object to Perlmutter's individual deposition. We have also provided Mr. Kurland with *Andes Petroleum Ecuadro Ltd. v. Occidental Expl. & Prod. Co.*, No. 21-cv-3930-AKH, 2022 WL 3227874, at *2 (S.D.N.Y. Aug. 10, 2022), discussed below, an example of the legal foundation for Telebrands' position. Yet Mr. Kurland has continued to state, without elaboration or legal citation, that he and Perlmutter object to the taking of Perlmutter's deposition in his individual capacity.

Further, less than a week before the parties' mutually agreed upon date of July 8, 2025 for the deposition to take place—a date that Mr. Kurland proposed—Mr. Kurland informed counsel for Telebrands that "July 8 no longer works for me." Ex. E at 3. Counsel for Telebrands once again informed Mr. Kurland that there was no basis for his objection to Perlmutter's individual deposition, and that his statement that he was unavailable on a date that he himself proposed was seemingly a transparent delay tactic. *Id*. at 1-2. Mr. Kurland once again responded without elaboration that Perlmutter simply "disagree[s]" with Telebrands' position. *Id*. at 1.

II. **Legal Argument**

Telebrands' attempts to be made whole from injuries resulting from Defendant's infringing sales have been met with continuous delay tactics from Defendant at every turn. This deposition dispute is no different. Perlmutter, Defendant's sole member, continues to baselessly object to the taking of his individual deposition and his counsel Mr. Kurland continues to delay scheduling—even on days he said he was available. Telebrands respectfully requests that the Court put a stop to it.

Federal Rule of Civil Procedure 69(b) permits a judgment creditor to "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Accordingly, NY CPLR 5223 similarly provides that a judgment creditor "may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." NY CPLR 5224(a)(1) permits the issuance of deposition subpoenas to this effect. *See* NY CPLR 5224(a)(1) ("Any or all of the following kinds of subpoenas may be served: . . . a subpoena requiring attendance for the taking of a deposition upon oral or written questions at a time and place named therein").

July 11, 2025

Accordingly, neither the federal rules nor the New York state rules limit post-judgment discovery to the judgment debtor or otherwise forbid the taking of Perlmutter's individual deposition here. All governing rules provide that subpoenas and other post-judgment discovery may be issued to "any person" with knowledge of the assets and liabilities of the judgment debtor. Indeed, "[b]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Andes Petroleum Ecuadro Ltd. v. Occidental Expl. & Prod. Co.*, No. 21-cv-3930-AKH, 2022 WL 3227874, at *2 (S.D.N.Y. Aug. 10, 2022) (quoting *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 Fed. Appx. 16, 17 (2d Cir. 2014)). *Andes Petroleum* is instructive here. In that case, following a confirmed arbitration award, the judgment creditor subpoenaed several of the judgment debtor's officers and directors. The court denied the judgment debtor's motion to quash the subpoenas, and ordered the officers and directors to sit for individual depositions. In support of its ruling the court held that the subpoenas were procedurally proper, did not violate the rule against deposing high-level executives, and, most importantly, that the subpoenas were not unduly burdensome because they were directed at individuals with information "clearly relevant and necessary" because the information "pertain[ed] to [the judgment debtor's] assets and liabilities." *Id*. at *3 (citing *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293-94 (E.D.N.Y. 2011)).

Here, similarly, Telebrands wishes to take the deposition of Defendant's sole member. To that end, it served a lawful subpoena on Perlmutter for his individual deposition. Perlmutter objected, but cited no basis for doing so. Rather, Perlmutter simply "object[s]." <u>Ex. C</u> at 2. The law does not support Perlmutter's position. Indeed, as Defendant's sole member, Perlmutter is likely to have knowledge about Defendant's assets and liabilities. Despite Defendant's assertions that Defendant is assetless, Perlmutter as the sole member is likely to have relevant information such as what assets Defendant did have, including its proceeds from sales of the infringing products which were indisputably at least $14.5 million, as well as where the money from those sales is now or what Perlmutter himself did with that revenue, and when. Defendant's baseless insistence that Perlmutter be deposed only as a corporate representative is a transparent attempt to avoid providing this information; it may be that this "assetless" company doesn't have this information, but Perlmutter does.

Because post-judgment discovery is broad and no authority limits Telebrands to taking the deposition of corporate representatives only, the Court should order Perlmutter to be deposed as he was subpoenaed: as an individual who very clearly is likely to have relevant and necessary information concerning the assets and liabilities of the judgment debtor.

### III.     Conclusion

For the foregoing reasons, Telebrands respectfully requests that the Court set a conference to aid the parties in their dispute concerning Perlmutter's deposition. Telebrands also seeks an order compelling Perlmutter to sit for his individual deposition within two weeks of the Court's decision on this matter, and as a sanction for creating this unnecessary dispute without any legal foundation whatsoever, ordering that the deposition take place at the office of Telebrands' counsel in New York City, and awarding the fees associated with bringing this discovery matter to conclusion to Defendant.

July 11, 2025

A copy of this letter is being contemporaneously served upon Mr. Kurland, counsel for Defendant.

Telebrands thanks the Court for its consideration.

Best regards,

Michael J. Zinna