# **EXHIBIT D**

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

TELEBRANDS CORPORATION,

                Plaintiff/Judgment Creditor,

                - against -

BHSD TRADING LLC,

                Defendant/Judgment Debtor.

Case No. 1:23-cv-0225

**FIRST AMENDED
SUBPOENA AD TESTIFICANDUM**

**THE PEOPLE OF THE STATE OF NEW YORK**

TO:

Isaac Perlmutter
120 Settlement Road
Mount Kisco, Westchester, NY 10549

-and-

Isaac Perlmutter
c/o Adam K. Kurland
337 North Main Street
Suite II
New City, NY 10956
Tel: (845) 638-4700
Email: akurland@akkpc.com

**GREETINGS:**

      **YOU ARE COMMANDED**, pursuant to New York Civil Practice Law and Rules 5224 to appear before a person authorized by law to administer oaths in the state of New York at the offices of Adam K. Kurland, Attorney at Law, P.C., located at 337 North Main Street, Suite 11, New City, NY 10956 on **Tuesday, July 8, 2025, beginning at 2:00 p.m. (EST)** for the taking of your deposition related to the enforcement of the judgment in this action. The deposition will be stenographically recorded by a stenographer, and will be audiovisually recorded via videographer.

This deposition is being taken for the purposes of post-judgment discovery, for use as evidence, for use at trial, and for all other purposes permitted under the New York Civil Practice Law and Rules and other applicable law. The deposition will continue from day to day until completed or at such other time agreed upon or stipulated by the parties.

WHEREAS, in the above-captioned action proceeding in the United States District Court for the Northern District of New York, between plaintiff and judgment creditor Telebrands Corporation ("Telebrands") and defendant and judgment debtor BHSD Trading LLC (the "Judgment Debtor"), the plaintiff and the defendant being all the parties to the action, a judgment (the "Judgment") was entered on January 15, 2025 in favor of Telebrands against the Judgment Debtor for $2,924,157.12, plus pre- and post-judgment interest and costs;

WHEREAS, pre-judgment interest accrued in the total amount of $834,288.27;

WHEREAS, the Court awarded Telebrands costs in the amount of $2,685.50, *See Telebrands Corporation v. BHSD Trading LLC,* Case No. 1:23-cv-00225 (N.D.N.Y.), Dkt. No. 52;

WHEREAS, the total amount of the Judgment is $3,761,130.89 plus post-judgment interest, which is yet to be determined;

WHEREAS, the Judgment was recorded with the clerk of the Supreme Court of the State of New York for the County of Rensselaer on April 29, 2025 as Instrument No. 2025-122802;

WHEREAS, a copy of the recorded Judgment is attached hereto as Exhibit 1; and

WHEREAS, the entire amount of the Judgment remains due and unpaid;

PLEASE TAKE NOTICE THAT failure to comply with this subpoena is punishable as a contempt of court and shall make you liable to the person on whose behalf this subpoena was

2

issued for a penalty not to exceed $50 and for all damages sustained by reason of your failure to

comply.

Dated: New York, New York
       June 27, 2025

KELLEY DRYE & WARREN LLP

By:    /s/ Michael J. Zinna
       Michael J. Zinna
       Vincent M. Ferraro

       3 World Trade Center
       175 Greenwich Street
       New York, New York 10007
       Tel.: (212) 808-7800
       Fax: (212) 808-7897

       *Attorneys for Plaintiff/Judgment
       Creditor*
       *TELEBRANDS CORPORATION*

3

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### JUDGMENT IN A CIVIL CASE

**TELEBRANDS CORPORATION,**
          **Plaintiff,**

          **vs.**                                        **1:23-CV-225**
                                                         **(MAD/CFH)**

**BHSD TRADING LLC,**
          **Defendants.**

**Decision by Court.** This action came to trial or hearing before the Court.  The issues have been
     tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for damages, prejudgment interest,
post judgment interest, and costs (Dkt. No. 34) is **GRANTED IN PART and DENIED IN
PART** as follows: **GRANTED** as to compensatory damages, prejudgment interest, and post
judgment interest; **DENIED WITHOUT PREJUDICE** as to costs; **DENIED** as to treble
damages; and **DENIED** as to attachment of Defendant's accounts; and the Court further
**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the
amount of $2,924,157.12, in addition to: pre-judgment interest at the rate if nine percent per
annum from February 28, 2017, until the date judgment is entered pursuant to the Memorandum-
Decision and Order; post-judgment interest at the rate determined by 28 U.S.C. § 1961; and the
Court further **ORDERS** that, if Plaintiff seeks to recover costs, Plaintiff must file a bill of costs
and any related accounting in compliance with 28 U.S.C. § 1920, Rule 54 of the Federal Rules of
Civil Procedure, and Local Rule 54.1, all of the above pursuant to the Memorandum-Decision
and Order of the Honorable Judge Mae A. D'Agostino, dated the 15th day of January, 2025.

DATED: January 15, 2025

                                        _John Domurad_
                                        Clerk of Court

                                        s/Britney Norton
                                        Britney Norton
                                        Deputy Clerk

**E C F   D O C U M E N T**
I certify that this is a printed
copy of a document which was
electronically   filed   with   the
UNITED  STATES  DISTRICT  COURT
NORTHERN DISTRICT OF NEW YORK.
JOHN   M.   DOMURAD,   CLERK
Dated: _04/03/2025_
By: _Helen M. Reese_ Deputy Clerk

Instr # 2025-122802
Bk: 382 Pg: 37
Received
04/29/2025 12:15:25 PM
Frank J Merolla
Rensselaer County
Clerks Office
Clerk: GD

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf— including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.

*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF NEW YORK*

## JUDGMENT IN A CIVIL CASE

**TELEBRANDS CORPORATION,**
          **Plaintiff,**

**vs.**
                               **1:23-CV-225**
                               **(MAD/CFH)**

**BHSD TRADING LLC,**
          **Defendants.**

---

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for damages, prejudgment interest, post judgment interest, and costs (Dkt. No. 34) is **GRANTED IN PART and DENIED IN PART** as follows: **GRANTED** as to compensatory damages, prejudgment interest, and post judgment interest; **DENIED WITHOUT PREJUDICE** as to costs; **DENIED** as to treble damages; and **DENIED** as to attachment of Defendant's accounts; and the Court further **ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the amount of $2,924,157.12, in addition to: pre-judgment interest at the rate if nine percent per annum from February 28, 2017, until the date judgment is entered pursuant to the Memorandum-Decision and Order; post-judgment interest at the rate determined by 28 U.S.C. § 1961; and the Court further **ORDERS** that, if Plaintiff seeks to recover costs, Plaintiff must file a bill of costs and any related accounting in compliance with 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 54.1, all of the above pursuant to the Memorandum-Decision and Order of the Honorable Judge Mae A. D'Agostino, dated the 15ᵗʰ day of January, 2025.

DATED: January 15, 2025

                                   *Clerk of Court*

                                 s/Britney Norton
                                 Britney Norton
                                 Deputy Clerk

**U.S.D.C. for the Northern District of New York**

I, the undersigned Clerk of the Court,
do hereby certify that this is a true correct
and full copy of the original
document on file in my custody.

Total Page(s) ___2___
Dated _____04/03/2025_____, John M. Domurad, Clerk
By ___s/ Helen M. Reese___, Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;

(ii) a United States agency;

(iii) a United States officer or employee sued in an official capacity; or

(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf— including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice

of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

TELEBRANDS CORPORATION,

            Plaintiff/Judgment Creditor,

      - against -

BHSD TRADING LLC,

          Defendant/Judgment Debtor.

Index No.:

**AFFIRMATION IN SUPPORT OF
FILING OF NEW YORK FEDERAL
COURT JUDGMENT**

Michael J. Zinna, Esq. affirms under penalty of perjury pursuant to Rule 2106 of the New York Civil Practice Law and Rules:

      1.     I am a Partner at Kelley Drye & Warren LLP, counsel for Telebrands Corporation ("Telebrands"), the plaintiff herein and a judgment creditor of defendant and judgment debtor BHSD Trading, LLC ("Defendant").

      2.     On January 15, 2025, the United States District Court for the Northern District of New York entered a "Memorandum-Decision and Order" (the "Order") and a "Judgment In A Civil Case" (the "Judgment") in favor of Telebrands and against Defendant in the action styled *Telebrands Corporation v. BHSD Trading LLC*, Case No. 1:23-cv-00225 in the United States District Court for the Northern District of New York.

      3.     True, correct, exemplified and authenticated copies of the Order and Judgment are submitted herewith as Exhibits A and B, respectively.

      4.     The Order and the Judgment were entered following a default in appearance by Defendant.

      5.     The Judgment against Defendant is in the amount of $2,924,157.12, plus pre- and post-judgment interest and costs.

      6.     Pre-judgment interest was calculated by the Court to total $709,550.08 as of July 26, 2024. Exhibit A at 14.

7.    The Court additionally stated that "[i]nterest ha[d] continued to accrue at a daily rate of 0.025% ($721.03) per day, which represents nine percent per annum, up to the date judgment made pursuant to this Memorandum-Decision and Order is entered." Exhibit A at 14.

8.    The Order was entered on January 15, 2025, which is 173 days after July 26, 2024.

9.    Accordingly, an additional $124,738.19 in pre-judgment interest is owed to Telebrands pursuant to the Order and Judgment, for a total of $834,288.27 in pre-judgment interest.

10.    The Court also awarded Telebrands costs in the amount of $2,685.50. *See Telebrands Corporation v. BHSD Trading LLC*, Case No. 1:23-cv-00225 (N.D.N.Y.), Dkt. No. 52, attached hereto as Exhibit C.

11.    The total amount of the Judgment against Defendant is therefore $3,761,130.89 plus post-judgment interest, which is yet to be determined.

12.    The Judgment is unsatisfied in whole.

13.    The amount remaining unpaid on the Judgment is $3,761,130.89, plus post-judgment interest.

14.    Enforcement of the Judgment has not been stayed by the United State District Court for the Northern District of New York.

15.    The name and last known address of Defendant, judgment debtor is: BHSD Trading, LLC, 405 2nd Street, Troy, NY 12180.

16.    The name and last known address of Telebrands, judgment creditor is: Telebrands Corporation, 79 Two Bridges Road, Fairfield, New Jersey 07004.

17.    CPLR 5018(b) permits a "transcript of the judgment of a court of the United States rendered or filed within the state" to "be filed in the office of the clerk of any county and

2

upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county."

18.     Accordingly, pursuant to CPLR 5018(b), Telebrands respectfully requests that the Rensselaer County Clerk file the Order and Judgment in the records of its office.

19.     I affirm this 24th day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceedings in a court of law.

Dated: New York, New York
       April 24, 2025

_____
                Michael J. Zinna

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TELEBRANDS CORPORATION,

                                        Plaintiff,

              vs.                                        1:23-CV-00225
                                                         (MAD/CFH)
BHSD TRADING LLC,

                                        Defendant.

---

APPEARANCES:                            OF COUNSEL:

KELLY DRYE & WARREN LLP                 MICHAEL ZINNA, ESQ.
One Jefferson Road - 2nd Floor          VINCENT FERRARO, ESQ.
Parsippany, New Jersey 07054
Attorneys for Plaintiff

Mae A. D'Agostino, U.S. District Judge:

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 17, 2023, Plaintiff Telebrands Corporation ("Plaintiff") commenced this patent infringement action against Defendant BHSD Trading LLC ("Defendant" or "BHSD Trading"), alleging violations "of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*" Dkt. No. 1 at ¶ 1. On October 10, 2023, the Court granted Plaintiff's motion for default judgment, as to liability only. *See* Dkt. No. 19 at 7. Additionally, the Court awarded Plaintiff an immediate and permanent injunction against Defendant. *See id.* at 7-8. The parties were directed to engage in limited discovery regarding damages. *See id.* at 5-8. Now pending is Plaintiff's motion for

damages, prejudgment interest, postjudgment interest, and costs. *See* Dkt. No. 34.[1]  For the

reasons that follow, Plaintiff's motion is granted in part and denied in part.

## II. BACKGROUND

The Court presumes the parties' familiarity with the factual background of the liability

portion of this matter, which is recited in the Memorandum-Decision and Order dated October 10,

2023. *See* Dkt. No. 19 at 1-3.

Defendant has provided Plaintiff with damages discovery, including Plaintiff's purported

sales records for the "Joeys [sic] Garden Expandable Garden Hose products" ("Infringing

Products") that infringe U.S. Patent Nos. 9,581,272 ("the '272 Patent"), issued February 28, 2017,

and 10,174,870 ("the '870 Patent"), issued January 8, 2019 (collectively, "the Asserted Patents").

Dkt. No. 34-1 at1,  6-9; *see* Dkt. No. 1 at ¶¶ 11-13.  The sales records, provided by Defendant,

reflect that Defendant generated $14,620,785.62 in revenue from sales of 614,470 units of the

Infringing Products during the relevant damages period, which began on February 28, 2017, the

date the '272 Patent was issued. *See id.* at 9 n.3, 13.  Plaintiff requests that the Court apply a 20%

royalty rate to Defendant's sales, which mirrors the rate that Plaintiff has applied to licensed sales

of the Infringing Products in its agreements with other vendors. *See id.* at 10, 12-13.  A 20%

royalty rate applied to Defendant's sales results in a compensatory damages amount of

$2,924,157.12. *Id.* at 10.  Plaintiff requests that the Court treble the compensatory damages

figure, resulting in a total of $8,772,471.36, due to Plaintiff's willful infringement. *See id.*

---

[1] Defendant purports to respond to the pending motion via an Affirmation in Opposition, filed by Adam K. Kurland, Esq. *See* Dkt. No. 40.  The Court has considered the arguments Defendant raises, but notes that Mr. Kurland has not appeared on the docket as counsel of record.

2

Plaintiff also requests $2,128,650.23 in prejudgment interest[2] and $1,268.70 in costs.[3] *See id.* In total, Plaintiff requests an award of $10,902,390.29 and that the Court attach a nine percent postjudgment interest rate to such award. *See id.* at 6, 10.

Defendant contends that, although BHSD Trading "owns several trademarks related to certain consumer products and licenses those trademarks to other companies," BHSD Trading "never engaged in any direct infringement over any of Plaintiff's products." Dkt. No. 40 at ¶¶ 8-9. Defendant concedes that Plaintiff has been awarded a default judgment as to liability, but argues that BHSD Trading does not owe Plaintiff any damages because the Infringing Products were sold by other companies; namely, The Garden Hose LLC ("The Garden Hose") and YMMP LLC ("YMMP"). *See id.* at ¶¶ 3-5, 10, 29-32.[4]

## III. DISCUSSION

### A. Legal Standard

By failing to answer the complaint or oppose Plaintiff's motion for entry of a default judgment, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (finding that "a party's default is deemed to constitute a concession of all well pleaded allegations of

---

[2] Plaintiff calculates the prejudgment interest based upon New York's statutory rate of nine percent per year. *See* Dkt. No. 34-1 at 13. The prejudgment interest calculation is also premised upon the date range of February 28, 2017 (the date that the '272 Patent issued), through July 26, 2024 (the date of Plaintiff's pending motion). *See* Dkt. No. 34-1 at 9 n.3. Defendant does not dispute the date range February 28, 2017 through July 26, 2024 for either the calculation of damages nor prejudgment interest. *See, generally*, Dkt. No. 40.

[3] Plaintiff notes that, should the Court decline to treble its compensatory damages, the prejudgment interest would, instead, be $709,550.08. *See* Dkt. No. 34-1 at 10 n.4.

[4] The sole member of The Garden Hose and YMMP is Isaac Perlmutter—the same person that acts as the sole member of BHSD Trading. *See* Dkt. No. 34-12 at ¶ 1.

liability"). However, "it is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund and Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). Thus, once liability has been established "a court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Davis v. XPW Wrestling Inc.*, No. 5:23-CV-675, 2024 WL 3043407, *3 (N.D.N.Y. June 18, 2024) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

"There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence . . . based . . . upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc*, 873 F.2d 38, 40 (2d Cir. 1989)). A district court is permitted to conduct a hearing to determine damages, but "such a hearing is not mandatory." *Id.* (citing Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir.1991)).

## B.    Evidentiary Basis

Defendant's argument that the sales of the infringing products are not attributable to BHSD Trading, *see* Dkt. No. 40 at ¶¶ 8, 43-50, fails for two reasons.

First, as discussed, Defendant has defaulted in this action and, accordingly, is deemed to have admitted the well pleaded allegations in the complaint. *See Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. The complaint alleges that "BHSD Trading has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products

4

embodying the inventions protected by the Asserted Patents. Specifically, BHSD Trading impermissibly promotes and sells [the Infringing Products] . . . ." Dkt. No. 1 at ¶ 18. Thus, BHSD Trading is deemed to have admitted that it promoted and sold the Infringing Products, in violation of the Asserted Patents.

Second, BHSD Trading provided sales records, in response to Plaintiff's request for "BHSD Trading's Profit and Loss statements from 2017 to present," that it now argues are somehow not attributable to BHSD Trading. Dkt. No. 44-2 at 9; *see* Dkt. No. 44-3 (January 8, 2024 email from Mr. Kurland, purportedly on behalf of BHSD Trading, attaching Profit and Loss statements from 2017 through 2023, "as . . . a response to the [discovery] demands"); Dkt. Nos. 39-3, 39-4 (attachments from the January 8, 2024 email, which include, a spreadsheet that purports to reflect Defendant's sales records during the relevant damages period and summaries of Defendant's sales accounts during same). These sales records, provided directly by Defendant in response to Plaintiff's discovery demands, for the purpose of ascertaining damages, form the basis of Plaintiff's damages calculations. *See* Dkt. No. 34-1 at 9; Declaration of Christopher H. Anderson, Dkt. No. 39-1 at ¶¶ 4-10 (calculating Plaintiff's damages based upon the sales records provided by Defendant).

Although Defendant opposes Plaintiff's motion for damages, Defendant has not moved to vacate the default judgment, nor did it, at any time when liability was at issue, contend that Plaintiffs had sued the wrong entity. The time for Defendant to point to The Garden Hose and YMMP as the correct defendants was before liability was established, not now when the Court is considering only damages. Moreover, Defendant offers no explanation as to why it would have access to—let alone able to produce—sales records for companies supposedly completely independent from BHSD Trading.

Plaintiff is correct that, if the Court were to credit Defendant's belated argument that its disclosure was of The Garden Hose and YMMP's sales records and not BHSD Trading's, the legal conclusion would inevitably be that Defendant has run afoul of its discovery obligations under Rule 26 of the Federal Rules of Civil Procedure. *See* Dkt. No. 44 at 7. Indeed, a party must supplement or correct its discovery disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). By its failure to take corrective action or inform Plaintiff that its disclosure was incomplete or incorrect, and, instead, using such purported inadequacy as a sword and a shield to oppose the pending motion, Defendant has breached its Rule 26 duty to supplement or correct its discovery disclosure. *See id.*

Simply stated, Defendant is in the wrong, but leaves the Court with the burden to determine how Defendant has erred and what to do about it. The solution the Court is left with is granting an adverse inference.

Rule 37 of the Federal Rules of Civil Procedure permits a court to impose a variety of sanctions for discovery-related abuses, and "affords the court 'broad discretion in fashioning an appropriate sanction.'" *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)). The range of sanctions available includes—but is not limited to—"orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." *Id.* Where, as here, a party alleges that the opposing party failed to disclose

documents it was required to produce, the "moving party bears the burden of showing that its

adversary failed timely to disclose information required by Rule 26." *In re Sept. 11th Liab. Ins.*

*Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). To satisfy this burden, the moving party

must demonstrate:

> (1) that the party having control over the evidence had an obligation
> to timely produce it; (2) that the party that failed to timely produce
> the evidence had a culpable state of mind; and (3) that the missing
> evidence is relevant to the party's claim or defense such that a
> reasonable trier of fact could find it would support that claim or
> defense.

*Id.* (quoting *Residential Funding*, 306 F.3d at 107) (internal quotation marks omitted).

Negligence is sufficient to establish the requisite culpable state of mind. *See Doug's Word*

*Clocks.com Pty Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 173-74 (S.D.N.Y. 2017) (citing *Short*

*v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 254 (S.D.N.Y. 2012); *R.F.M.A.S., Inc. v. So*, 271

F.R.D. 13, 23 (S.D.N.Y. 2010)).

There is no doubt that Plaintiff has satisfied its burden of demonstrating entitlement to an

adverse inference here. *See* Dkt. No. 44 at 8-11. Defendant has control over its own sales records

and was under an obligation to produce such evidence. *See* Dkt. No. 19 at 6-8 (ordering the

parties to engage in discovery "to determine the amount of [Plaintiff's] damages and submit such

evidence to the Court"). Defendant also had an obligation to supplement or correct its disclosure,

in the event such disclosure was inadequate. *See* Fed. R. Civ. P. 26(e)(1)(A). Such failure to

disclose, supplement, or correct, and the choice to weaponize its own discovery abuses, was at a

minimum negligent. *See Doug's Word Clocks.com Pty Ltd.*, 323 F.R.D. at 174 (finding the

defendant's failure to produce sales records *willful* in an intellectual property infringement case

and granting an adverse inference). And, finally, the evidence of BHSD Trading's sales records is

essential to the calculation of Plaintiff's damages and is, therefore, relevant to Plaintiff's claims.

For these reasons, the Court finds that an adverse inference against Defendant is warranted and accepts the sales records as reflecting sales attributable to BHSD Trading. *See Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) ("[I]f actual damages can not be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence, taking cognizance of the reason for the inadequacy of proof and resolving doubt against the infringer . . . . When the calculation of damages is impeded by incomplete records of the infringer, adverse inferences are appropriately drawn").[5]

## C.    Calculation of Compensatory Damages

Pursuant to 35 U.S.C. § 284, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and

---

[5] Due to the adverse inference drawn against Defendant, the Court need not reach the parties' disagreement regarding whether a declaration executed by Mr. Perlmutter, and submitted by Plaintiff in support of its motion, should be stricken. *See* Dkt. No. 40 at ¶¶ 22-28; Dkt. No. 44 at 11-13. Defendant appears to be invoking Rule 408 of the Federal Rules of Evidence, which limits the admissibility of settlement negotiations. *See* Dkt. No. 40 at ¶ 25. Plaintiff appears to have used the declaration as evidence that Mr. Perlmutter attested to the accuracy the sales records produced by BHSD Trading. *See* Dkt. No. 46 at 12-13. No such evidence is necessary, now, as the sales records at issue have been held to be attributable to BHSD Trading. However, because Defendant has attempted to deny the accuracy of its own discovery production, the declaration is admissible, pursuant to Rule 408(b), for the purpose of estopping Defendant from contesting the accuracy of the sales records it produced. *See PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 115 (2d Cir. 2008) ("To construe Rule 408 as barring [estoppel] evidence would substantially limit the opportunity of defendants to rely on the defense of estoppel, even when well substantiated") (citation omitted). Therefore, ironically, although Rule 408 may have properly been invoked by Defendant to bar the admission of Mr. Perlmutter's declaration because it was furnished during settlement discussions, Defendant has inadvertently made the declaration admissible due to its attempt to disclaim the BHSD Trading sales records, which triggers the Rule 408(b) estoppel exception. Additionally, as Defendant has made Mr. Perlmutter's declaration admissible, the Court denies Defendant's motion to strike the declaration of Plaintiff's expert, Mr. Anderson. *See* Dkt. No. 40 at 6 n.1.

8

costs as fixed by the court."  Furthermore, pursuant to 35 U.S.C. § 285, the court may award

reasonable attorneys' fees to the prevailing party "in exceptional cases."  "Whether a case is

'exceptional' is a determination of fact, and the awarding of attorneys' fees in such cases is left to

the court's discretion."  *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 891 F. Supp. 751, 834

(E.D.N.Y. 1995) *affirmed by* 96 F.3d 1409 (Fed. Cir. 1996).[6]

"The [reasonable] royalty may be based upon an established royalty, if there is one, or if

not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant."

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*, 699 F.3d

1340, 1357 (Fed. Cir. 2012) (citation omitted) (alterations in original).  Evidence supporting an

"established royalty" for a license under the same patent for a similar product may be sufficient to

establish a reasonable royalty rate.  *Levitation Arts, Inc. v. Plox, Inc.*, No. 17-CV-1476, 2020 WL

2730905, *3 (D. Del. May 26, 2020), *report and recommendation adopted*, 2020 WL 3103894

(D. Del. June 11, 2020).  Indeed, "[c]ourts and commentators alike have recognized that the

royalties received by the patentee for the licensing of the patents in suit is the 'most influential

factor' in determining a reasonable royalty."  *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F.

Supp. 1333, 1353 (D. Del. 1994).  The formula of "damages  = (price of Accused Product) × (# of

Accused Products sold) × (royalty rate)" has been used by courts to calculate damages, when

there is an established reasonable royalty rate.  *See, e.g.*, *Levitation Arts, Inc.*, 2020 WL 2730905,

at *3.

---

[6]  Although Plaintiff claims that it is entitled to an award of attorneys' fees in its motion
for default judgement and its pending motion for damages, *see* Dkt. No. 17-1 at 8, 11, 16; Dkt.
34-1 at 9, no motion for attorneys' fees has been made and the Court need not address the issue at
this juncture, *see* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable
expenses must be made by motion . . .").

9

The Court finds that Plaintiff's request for $2,924,157.12 in compensatory damages is reasonable. Plaintiff has submitted evidence of a reasonable royalty rate of 20%, which is supported by "four licensing and/or settlement agreements with other entities regarding the same Asserted Patents—each requiring payment to Telebrands in the amount of 20% of the total revenue received by the licensee for the sale of the licensee's infringing products." Dkt. No. 34-1 at 12 (citing Dkt. No. 39-1 at ¶¶ 11-18). Defendant does not contest Plaintiff's proposed royalty rate of 20% of BHSD Trading's total gross revenue from sales of the Infringing Products. *See generally*, Dkt. No. 40.[7] For these reasons, the Court deems a reasonable royalty rate of 20% established, based upon Plaintiff's submission of four agreements applying the same royalty rate regarding the same Asserted Patents.[8]

---

[7] Generally, when a party fails to address a legal argument in its opposition papers, such argument is deemed waived. *See Laufer Grp. Int'l, Ltd. v. Sonder Distribution USA, LLC*, No. 1:22-CV-03313, 2023 WL 6317949, *9 (S.D.N.Y. Sept. 28, 2023) (finding that argument not raised in opposition papers waived) (citing *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004); *Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 206 n.6 (S.D.N.Y. 2020)); *Car-Freshner Co. v. Air Freshners, Inc.*, No. 7:10-CV-1491, 2012 WL 3294948, at *5 (N.D.N.Y. Aug. 10, 2012) ("In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a 'modest' burden").

[8] Plaintiffs have also presented an analysis performed by its damages expert, Mr. Anderson, applying the "*Georgia-Pacific* factors" (a method widely utilized by courts to determine reasonable royalty rates in patent infringement cases), who concludes that the parties would have agreed to a 20% reasonable royalty rate. *See* Dkt. No. 34-1 at 13; Dkt. No. 39-1 at ¶¶ 11-34; *see also Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) (establishing the "*Georgia-Pacific* factors"). Indeed, the statute governing damages in patent infringement cases requires the district court to award damages "'in an amount no less than a reasonable royalty,' even if the plaintiff has no evidence to proffer"; in such a case, the district courts consider the *Georgia-Pacific* factors and award such reasonable royalties as the record evidence will support. *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365 (Fed. Cir. 2015) (citing 35 U.S.C. § 284) (quotation omitted). Defendant does not oppose such analysis
(continued...)

Plaintiff has also presented evidence that shows BHSD Trading sold 614,470 units of the Infringing Products at an average sales price of $23.79[9] per unit, from February 28, 2017 through December 31, 2023 on Amazon.com and joeysgarden.com. *See* Dkt. No. 34-1 at 13; Dkt. No. 34-1 at ¶¶ 5, 34. This data is also derived directly from sales records and data provided by BHSD Trading. *See* Dkt. No. 39-2 at ¶¶ 9-10 (explaining that the data contained in Exhibits 1 and 2 attached thereto are true and correct copies of the sales records provided by Defendant); Dkt. No. 39-3 (Exhibit 1); Dkt. No. 39-4 (Exhibit 2).

Applying a 20% royalty rate to Defendant's revenue of $14,620,785.62 results in a reasonable royalty of $2,924,157.12,[10] which represents Plaintiff's compensatory damages stemming from Defendant's infringement.

**D.    Treble Damages**

Plaintiff requests that the Court treble the compensatory damages because Defendant's infringement was "willful." Dkt. No. 34-1 at 13-16. The Court, in its discretion, declines to award enhanced damages.

When damages are assessed for patent infringement, "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. As the Supreme Court has held, "Section 284 gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016). However, these enhanced damages "are not to be meted out in a typical infringement case, but are

---

[8](...continued)
either.

[9] Plaintiff uses the average sales price of $23.76, *see* Dkt. No. 34-1 at 13, however the Court's own calculations show that $14,620,785.62 divided by 614,470 is approximately $23.79.

[10] $2,924,157.12 = ($14,620,785.62) × (20%)

11

instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement. behavior." *Id.* at 104. "The sort of conduct warranting enhanced damages has been variously described in [Supreme Court] cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* (citation omitted).

"Post-*Halo*, courts considering default judgment in patent infringement cases have declined to award enhanced damages when there were no allegations suggesting egregious conduct—conduct beyond that of a typical patent infringement case." *Summit Indus. Supply, LLC v. Triple Crown Consulting, LLC*, No. 1:20-CV-385, 2021 WL 3033481, *4 (S.D. Ohio July 19, 2021) (collecting cases). Typical conduct, such as failing to adequately respond to a cease and desist letter has been found to be inadequate to warrant enhanced damages. *See id.* And egregious conduct, found to be worthy of treble damages by federal courts, includes deliberate and direct violation of a court ordered permanent injunction over the course of a decade. *See Agio Int'l Co., Ltd. v. Zhejiang Longda Forge Co.*, No. 1:15-CV-00192, 2023 WL 2339890, *5 (W.D.N.C. Feb. 28, 2023).

Here, Plaintiff has alleged that Defendant's conduct was "willful." *See* Dkt. No. 1 at ¶¶ 36, 54. And, because default judgment results in Defendant's concession of all well-pleaded allegations of liability, *see Greyhound Exhibitgroup*, 973 F.2d at 158, Defendant's conduct was, as a matter of law, "willful," *see* Dkt. No. 1 at ¶ 36. However, simply because Defendant's conduct was willful, does not automatically entitle Plaintiff to treble damages—whether to grant enhanced damages is solely within the Court's discretion. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) ("Although willfulness is a component of enhancement, 'an award of enhanced damages does not necessarily flow from a willfulness finding.' . . . Discretion

remains with the district court to determine whether the conduct is sufficiently egregious to warrant enhanced damages") (quotation and internal citations omitted).

The Court finds that Plaintiff has not alleged conduct that is "sufficiently egregious to warrant enhanced damages." *Id.* (citation omitted). Although Plaintiff alleges that BHSD Trading acted with knowledge that it was infringing on the Asserted Patents, no other conduct beyond infringement is alleged. *See* Dkt. No. 1 at ¶¶ 25-28, 36, 43-46, 54. Plaintiff does not even allege that it sent Defendant a cease and desist that was ignored (conduct that has been found to fall short of egregious), *see Summit Indus. Supply, LLC*, 2021 WL 3033481, at *4, let alone conduct such as direct violation of a court ordered injunction (conduct which has been found to be egregious), *see Agio Int'l Co., Ltd.*, 2023 WL 2339890, at *5. Thus, there are no allegations of conduct that rise above that of a typical patent infringement case. For these reasons, despite the established willful nature of Defendant's conduct, the Court, in its discretion, declines to award enhanced damages.

**E.      Prejudment and Postjudgment Interest**

Plaintiff is entitled to prejudgment and postjudgment interest on its damages award, as well as costs. *See* 35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement . . . together with *interest and costs* as fixed by the court") (emphasis added).

Plaintiff seeks prejudgment interest on its damages award at the New York statutory rate of nine percent per year, running from the first date of eligible recovery, the date that the '272 Patent was issued. *See* Dkt. No. 34-1 at 18 (citing *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, No. 5:11-CV-761, 2016 WL 6537977, *10 (N.D.N.Y. Nov. 3, 2016); N.Y.

13

C.P.L.R. § 5004). Defendant offers no argument as to whether New York's nine percent interest rate should or should not be applied. *See* Dkt. No. 40.

"[P]rejudgment interest should be awarded under [Section] 284 absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). The federal statute does not fix an interest rate, and courts have the discretion to set it accordingly. *See Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). Federal courts have used state statutory interest rates to calculate prejudgment interest. *See Oiness v. Walgreen Co.*, 88 F.3d 1025, 1028 (Fed. Cir. 1996) (applying Colorado's eight percent state statutory rate); *PPC Broadband, Inc.*, 2016 WL 6537977 at *10 (applying New York's nine percent statutory rate).

The Court, exercising its discretion, awards Plaintiff prejudgment interest at the New York State statutory rate of nine percent per annum. *See* N.Y. C.P.L.R. § 5004(a). As of the date of Plaintiff's motion for damages, prejudgment interest totaled $709,550.08, representing the interest accrued from February 28, 2017 through July 26, 2024. *See* Dkt. No. 34-1 at 18 n.10 (citing Dkt. No. 39-1 at ¶¶ 35, 37). Interest has continued to accrue at a daily rate of 0.025% ($721.03) per day, which represents nine percent per annum, up to the date judgment made pursuant to this Memorandum-Decision and Order is entered. *See id.*

As for postjugment interest, Plaintiff requests the New York statutory rate of nine percent per annum, pursuant to New York Civil Practice Law and Rules ("CPLR") Sections 5003 and 5004. *See* Dkt. No. 34-1 at 19. However, the Second Circuit has held that postjudgment interest on federal judgments should be awarded pursuant to 28 U.S.C. § 1961. *See Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) (upholding district court's rejection of New York's nine percent interest rate). Section 1961 states, in relevant part:

14

> Interest shall be allowed on any money judgment in a civil case
> recovered in a district court. Execution therefor may be levied by
> the marshal, in any case where, by the law of the State in which
> such court is held, execution may be levied for interest on
> judgments recovered in the courts of the State. Such interest shall
> be calculated from the date of the entry of the judgment, at a rate
> equal to the weekly average 1-year constant maturity Treasury
> yield, as published by the Board of Governors of the Federal
> Reserve System, for the calendar week preceding[] the date of the
> judgment.

28 U.S.C. § 1961(a). Accordingly, Plaintiff is entitled to postjudgment interest at the rate

determined by Section 1961, beginning from the date judgment made pursuant to this

Memorandum-Decision and Order is entered. *See Am. Tech. Ceramics Corp. v. Presidio*

*Components, Inc.*, 490 F. Supp. 3d 593, 637 (E.D.N.Y. 2020) (awarding postjudgment interest

pursuant to Section 1961 in patent infringement case); *SIMO Holdings Inc. v. Hong Kong*

*uCloudlink Network Tech. Ltd.*, 396 F. Supp. 3d 323, 352 (S.D.N.Y. 2019), *modified in part*, No.

18-CV-5427, 2019 WL 7816487 (S.D.N.Y. Dec. 11, 2019), *clarified on denial of reconsideration*,

2020 WL 498200 (S.D.N.Y. Jan. 22, 2020) (same).

**F.      Costs**

Plaintiff argues that it is entitled to costs pursuant to 28 U.S.C. § 1920(a), which,

according to Plaintiff, at the time of service of the pending motion, were $1,268.70 and continue

to accrue. *See* Dkt. No. 34-1 at 19 n.11. Defendant does not dispute Plaintiff's costs. *See,*

*generally*, Dkt. No. 40. At this time Plaintiff has not filed a bill of costs and the Court, therefore,

must deny the motion for costs without prejudice, and grant Plaintiff leave to file a bill of costs

and any related accounting in compliance with in 28 U.S.C. § 1920, Rule 54 of the Federal Rules

of Civil Procedure, as well as Rule 54.1 of the Local Rules.[11]

---

[11] The Court notes that Plaintiff has not missed any deadlines related to costs, the Court is
(continued...)

15

### G.    Attachment of Defendant's Accounts

Plaintiff also seeks "an attachment of any and all money in Defendant's merchant/online marketplace accounts," to satisfy the judgment. Dkt. No. 34-1 at 16-17. Defendant argues that Plaintiff's request for an attachment exceeds the scope of the Court's July 11, 2024, Text Order, which permitted Plaintiff to file a motion for damages, but does not mention non-financial relief. *See* Dkt. No. 40 at ¶¶ 16-21. Additionally, Defendant argues that "a motion for damages should entail seeking a judgment for a specific dollar amount but not anything relating to the enforcement or collection of such a judgment." *Id.* at ¶ 20.

Pursuant to Rule 64 of the Federal Rules of Civil Procedure, New York law governs the Court's authority over judgment enforcement remedies, including attachment. *See* Fed. R. Civ. P. 64(a)-(b); *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263, 269 (2d Cir. 2022) ("Attachment is available in federal court 'under the law of the state where the court is located'") (quoting Fed. R. Civ. P. 64). "'Under New York law, an attachment bars any sale, assignment or transfer of, or any interference with the property attached.'" *Id.* (quotation omitted). "Attachment is a 'harsh' remedy, and is construed narrowly in favor of the party against whom the remedy is invoked." *VisionChina Media Inc. v. S'holder Representative Servs., LLC*, 109 A.D.3d 49, 59 (1st Dep't 2013) (quoting *Penoyar v. Kelsey*, 150 N.Y. 77, 80 (1896)) (other citation omitted). "[W]hether to grant the application [for attachment] 'rests within the discretion of the court.'" *Iraq Telecom Ltd.*, 43 F.4th at 270 (quoting *VisionChina Media Inc.*, 109 A.D.3d at 59).

---

[11](...continued)
simply unable to evaluate costs at this juncture. The deadline for Plaintiff to file a bill of costs is thirty-days after judgment made pursuant to this Memorandum-Decision and Order is entered. *See* Local Rule 54.1(a).

Plaintiff's request for attachment is denied for two reasons. First, attachment is a *prejudgment* remedy and Plaintiff has not provided authority that establishes it can obtain such relief *postjudgment*.[12] Indeed, Article 62 of the CPLR provides the procedures for prejudgment attachment, while Article 52 contemplates postjudgment enforcement of money judgments under New York law. *See Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 537-38 (2009). As the New York Court of Appeals has explained, "[A]rticle 52 postjudgment enforcement involves a proceeding against a person—its purpose is to demand that a person convert property to money for payment to a creditor—whereas [A]rticle 62 attachment operates solely on property, keeping it out of a debtor's hands for a time." *Id.* at 538. Plaintiff's request fits neither under Article 62 (because "attachment" here would occur *postjudgment*), nor Article 52 (because Plaintiff is not seeking to have Defendant's property converted to money to satisfy the judgment).

Second, Plaintiff did not request attachment (or any similar judgment-related remedy) in the complaint. When a district court grants default judgment, such judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). As the Second Circuit has noted, "'[i]t would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then,

---

[12] In support of its argument that this Court has the ability to "attach[] the online marketplace accounts of a defaulting defendant," Plaintiff merely cites to an unpublished default judgment order from the Southern District of New York, *see* Dkt. No. 34-1 at 17 (citing Dkt. No. 32, *Centre Way Co. Ltd. v. Guangzhous Wakiki Trading Co., Ltd.*, No. 1:22-cv-05674 (S.D.N.Y. Dec. 1, 2022)), and to three decisions from district courts outside of the Second Circuit, none of which involve attachment under New York law, *see id.* (citing *Huang v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-22812-CV, 2024 WL 1513648, *5 (S.D. Fla. Mar. 25, 2024), *report and recommendation adopted*, No. 23-22812-CV, 2024 WL 1513455 (S.D. Fla. Apr. 8, 2024); *Eicher Motors Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-cv-2458, 2022 WL 3081869, *3 (N.D. Ill. Aug. 3, 2022)); *Pow! Ent., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified On Schedule A Hereto*, No. 20-cv-1324, 2020 WL 5076715, at *3 (N.D. Ill. Aug. 26, 2020). None of these cases bind this Court.

should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.'" *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007) (quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2663 (1998)).

For these reasons, the Court declines to grant attachment of Defendant's online marketplace accounts.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for damages, prejudgment interest, postjudgment interest, and costs (Dkt. No. 34) is **GRANTED IN PART and DENIED IN PART** as follows:

> **GRANTED** as to compensatory damages, prejudgment interest, and postjudgment interest;
>
> **DENIED WITHOUT PREJUDICE** as to costs;
>
> **DENIED** as to treble damages; and
>
> **DENIED** as to attachment of Defendant's accounts; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the amount of $2,924,157.12, in addition to: prejudgment interest at the rate if nine percent per annum from February 28, 2017, until the date judgment is entered pursuant to this Memorandum-Decision and Order; postjudgment interest at the rate determined by 28 U.S.C. § 1961; and the Court further

**ORDERS** that, if Plaintiff seeks to recover costs, Plaintiff must file a bill of costs and any related accounting in compliance with 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 54.1; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 15, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

19

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### JUDGMENT IN A CIVIL CASE

**TELEBRANDS CORPORATION,**
          **Plaintiff,**

**vs.**                                                    **1:23-CV-225**
                                                           **(MAD/CFH)**

**BHSD TRADING LLC,**
          **Defendants.**

---

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for damages, prejudgment interest, post judgment interest, and costs (Dkt. No. 34) is **GRANTED IN PART and DENIED IN PART** as follows: **GRANTED** as to compensatory damages, prejudgment interest, and post judgment interest; **DENIED WITHOUT PREJUDICE** as to costs; **DENIED** as to treble damages; and **DENIED** as to attachment of Defendant's accounts; and the Court further **ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the amount of $2,924,157.12, in addition to: pre-judgment interest at the rate if nine percent per annum from February 28, 2017, until the date judgment is entered pursuant to the Memorandum-Decision and Order; post-judgment interest at the rate determined by 28 U.S.C. § 1961; and the Court further **ORDERS** that, if Plaintiff seeks to recover costs, Plaintiff must file a bill of costs and any related accounting in compliance with 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 54.1, all of the above pursuant to the Memorandum-Decision and Order of the Honorable Judge Mae A. D'Agostino, dated the 15th day of January, 2025.

DATED: January 15, 2025

_John Vommun_
Clerk of Court

s/Britney Norton
Britney Norton
Deputy Clerk

**U.S.D.C. for the Northern District of New York**

I, the undersigned Clerk of the Court, do hereby certify that this is a true correct and full copy of the original document on file in my custody.

Total Page(s) ___2___
Dated ___04/03/2025___, John M. Domurad, Clerk
By ___s/ Helen M. Reese___, Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.

# EXHIBIT C

AO 133 (Rev. 07/24) Bill of Costs

# UNITED STATES DISTRICT COURT
for the
### Northern District of New York

| | | |
|---|---|---|
| TELEBRANDS CORPORATION | ) | |
| v. | ) ) | Case No.:  1:23-cv-00225-MAD-CFH |
| BHSD TRADING LLC | ) ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___January 15, 2025___ against __BHSD Trading LLC__ ,
Date

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 402.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 2,283.50 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | | |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Docket fees under 28 U.S.C. § 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828 . . . . | | |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| | TOTAL $ | 2,685.50 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

| Declaration |
|---|

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☐ Electronic service ☑ First class mail, postage prepaid

☐ Other:

s/ Attorney: __s/Michael J. Zinna__

Name of Attorney: __Michael J. Zinna__

For: __Telebrands Corporation__        Date: __February 14, 2025__
Name of Claiming Party

| Taxation of Costs |
|---|

Costs are taxed in the amount of ___$2,685.50___ and included in the judgment.

John Domurad              By: _____              4/1/2025
Clerk of Court                        Deputy Clerk                                Date

AO 133 (Rev. 07/24) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. § 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | TRAVEL | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Expenses/ Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Print    Save As...    Reset

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORPORATION, | Civil Action No. 1:23-cv-00225-MAD-CFH |
| Plaintiff, | |
| v. | Judge Mae A. D'Agostino |
| | Magistrate Judge Christian F. Hummel |
| BHSD TRADING LLC, | |
| Defendant. | |

**AFFIDAVIT OF MICHAEL J. ZINNA IN SUPPORT OF**
**PLAINTIFF TELEBRANDS CORPORATION'S MOTION FOR COSTS**

Pursuant to Federal Rule Civil Procedure 54(d) and Local Rule 54.1, I, Michael J. Zinna, hereby declare as follows:

1.    I am an attorney licensed to practice in the State of New York and before the United States District Court for the Northern District of New York.  I am a Partner at the law firm of Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054, and am counsel for Plaintiff Telebrands Corporation ("Plaintiff") in the above-captioned action against Defendant BHSD Trading LLC ("Defendant").  I have personal knowledge of the matters set forth in this Affidavit, and if called as a witness I would testify competently regarding such matters.

2.    I submit this Affidavit in support of Plaintiff's Motion for Costs.

3.    Attached as Exhibit 1 is a true a correct copy of an invoice for $402.00 for the Clerk's fee to initiate this matter, which Plaintiff paid.

4.      Attached as Exhibit 2 is a true and correct copy of an invoice for $440.00 for serving Plaintiff's Motion for Default Judgment on Defendant, which Plaintiff paid. This service of process was actually and necessarily performed.

5.      Attached as Exhibit 3 is a true and correct copy of an invoice for $426.70 for serving the Court's Opinion and Order on Plaintiff's Motion for Default Judgment on Defendant, which Plaintiff paid. This service of process was actually and necessarily performed.

6.      Attached as Exhibit 4 is a true and correct copy of an invoice for $996.80 for serving Plaintiff's Motion for Damages and Plaintiff's Motion to Seal the same on Defendant, which Plaintiff paid. This service of process was actually and necessarily performed.

7.      Attached as Exhibit 5 is a true and correct copy of an invoice for $420.00 for serving Plaintiff's Reply in Support of its Motion for Damages on Defendant, which Plaintiff paid. This service of process was actually and necessarily performed.

8.      Simultaneous with the filing of this Affidavit and accompanying bill of costs, I am tendering these materials for service on Defendant via first class mail with postage prepaid.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on February 14, 2025.

Michael J. Zinna

2

# EXHIBIT 1

Your payment has been successfully processed and the details are below. If you have an

Account Number: 5743950
Court: NEW YORK NORTHERN DISTRICT COURT
Amount: $402.00
Tracking Id: ANYNDC-6204669
Approval Code: 175271
Card Number: ************2001
Date/Time: 02/17/2023 04:45:43 ET

NOTE: This is an automated message. Please do not reply

# EXHIBIT 2

# CLASSIC LEGAL SUPPORT SERVICES, INC.

**475 PARK AVENUE SO.**
**18TH FLOOR**
**NEW YORK, NEW YORK 10016.**
**212-889-3200**

*TAX ID NUMBER 47-3697042*

JUNE 1, 2023
Invoice 23-01211

KELLEY DRYE & WARREN
3 WTC, 175 GREENWICH STREET
NEW YORK, NEW YORK 10007
ATTN. PAUL OSTENSEN, ESQ.

CLIENT NO.

USDC/ND OF NY
1:23-CV-00225
TELEBRANDS CORPORATION
V
BHSD TRADING LLC

NOTICE OF MOTION FOR DEFAULT JUDGEMENT,
MEMORANDUM OF LAW

| | | |
|---|---|---|
| 6/1/23 | BHSD TRADING LLC | |
| | SERVICE VIA SOS IN ALBANY, NY | $365.00 |
| | MANDATORY FEE | $40.00 |
| | COPIES 50 PGS x 2 @ $0.35 PER PG | $35.00 |

TOTAL: $440.00

029459 . 70

# EXHIBIT 3

# CLASSIC LEGAL SUPPORT SERVICES, INC.

### 475 PARK AVENUE SO.
### 18TH FLOOR
### NEW YORK, NEW YORK 10016.
### 212-889-3200

*TAX ID NUMBER 47-3697042*

**NOVEMBER 2, 2023**
Invoice 23-01311

**KELLEY DRYE & WARREN**
**3 WTC, 175 GREENWICH STREET**
**NEW YORK, NEW YORK 10007**
**ATTN. PAUL OSTENSEN, ESQ.**

**CLIENT NO.**

**USDC/ND OF NY**
**1:23-CV-00225**
**TELEBRANDS CORPORATION**
**V**
**BHSD TRADING LLC**

**NOTICE OF MOTION FOR DEFAULT JUDGEMENT,**
**MEMORANDUM OF LAW**

| | | |
|---|---|---|
| 10/31/23 | **BHSD TRADING LLC** | |
| | **SERVICE VIA SOS IN ALBANY, NY** | **$365.00** |
| | **MANDATORY FEE** | **$40.00** |
| | **COPIES 31 PGS x 2 @ $0.35 PER PG** | **$21.70** |

**TOTAL: $426.70**

# EXHIBIT 4

**Classic Legal Support**
475 Park Ave S 18th Fl
New York, NY 10016

**INVOICE:  11512996**
Issued:   Aug 2, 2024

**Kelley Drye & Warren LLP**
Henri Connors
175 Greenwich Street
New York City, NY 10007

PAY TO:
**Classic Legal Support**
475 Park Ave S 18th Fl
New York, NY 10016

| Case: | Civil Action No.: 1:23-cv-00225-MAD-CFH; Judge Mae A. D'Agostino Magistrate; Judge Christian F. Hummel | Plaintiff / Petitioner: | TELEBRANDS CORPORATION |
|---|---|---|---|
| | | Defendant / Respondent: | BHSD TRADING LLC |
| Job: | 11512996 | | |

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| Process Service: Secretary of State | SERVICE VIA SOS 7/30/24 NOTICE OF PLAINTIFF TELEBRANDS CORPORATION'S MOTION FOR DAMAGES, PLAINTIFF TELEBRANDS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DAMAGES, (PROPOSED) ORDER GRANTING PLAINTIFF TELEBRANDS CORPORATIONS MOTION  BHSD Trading LLC | $345.00 | 1 | $345.00 |
| Process Service: SOS | Mandatory Fee | $40.00 | 1 | $40.00 |
| Process Service: Secretary of State | SERVICE VIA SOS 7/30/24 NOTICE OF PLAINTIFF TELEBRANDS CORPORATION'S MOTION TO SEAL, PLAINTIFF TELEBRANDS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL, (PROPOSED) ORDER GRANTING PLAINTIFF TELEBRANDS CORPORATIONS MOTION TO SEAL, EMAIL FFROM VINCENT M. FERRARO AND XLS SPREADSHEET (EXHIBIT 1)  BHSD Trading LLC | $345.00 | 1 | $345.00 |
| Process Service: SOS | Mandatory Fee | $40.00 | 1 | $40.00 |
| Printing Fee | 162 PGS X 4 COPIES | $0.35 | 648 | $226.80 |

Thank you for your business. Please pay the "Balance Due" AS SOON AS POSSIBLE.

Preferred payment methods include PAYPAL and CHECK BY MAIL.

PayPal Link:
https://www.paypal.com/paypalme/ClassicLegal?country.x=US&locale.x=en_US

| | |
|---|---|
| Total: | $996.80 |
| Amount Paid: | ($0.00) |
| **Balance Due:** | **$996.80** |

# EXHIBIT 5

# CLASSIC LEGAL SUPPORT SERVICES, INC.

**475 PARK AVENUE SO.**
**18TH FLOOR**
**NEW YORK, NEW YORK 10016.**
**212-889-3200**

*TAX ID NUMBER 47-3697042*

SEPTEMBER 17, 2024
Invoice 24-01572

KELLEY DRYE & WARREN
101 PARK AVENUE
NEW YORK, NEW YORK 10178
ATTN. PAUL OSTENSEN, ESQ

CLIENT NO.

USDC/ND OF NY
1:23-cv-00225
TELEBRANDS CORPORATION
V
BHSD TRADING LLC

MOTION, PROPOSED ORDER, MEMORANDUM

| 9/16/24 | BHSD TRADING LC | |
|---------|-----------------|---|
| | SERVICE CIA SEC. OF STATE | $345.00 |
| | MANDATORY FEE | $40.00 |
| | COPIES 50 PGS x 2 @ 0.35 PER PG | $35.00 |

TOTAL: $420.00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORPORATION, | Civil Action No. 1:23-cv-00225-MAD-CFH |
| Plaintiff, | Judge Mae A. D'Agostino |
| v. | Magistrate Judge Christian F. Hummel |
| BHSD TRADING LLC, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Zinna, certify that:

1.    I am a partner at the law firm of Kelley Drye & Warren LLP, counsel for Plaintiff Telebrands Corporation ("Telebrands") in the above captioned case. I am a member of the bar of the State of New York and am admitted to practice before the United States District Court for the Northern District of New York.

2.    I hereby certify that Telebrands' Motion for Costs and materials in support of same were electronically filed in above-captioned case on February 14, 2025. Notice of this filing will be distributed to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

3.    I further certify that I have tendered Telebrands' Motion for Costs and materials in support of same for service on Defendant BHSD Trading LLC via first class mail with postage pre-paid and by email to Defendant's counsel, Adam Kurland, at <u>akurland@akkpc.com</u>.

1

DATED: February 14, 2025                    Respectfully submitted,

                                              */s/ Michael J. Zinna*

Michael J. Zinna (NDNY Bar No. 704313)
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: MZinna@KelleyDrye.com

*Attorney for Plaintiff*
*Telebrands Corporation*

2