# **EXHIBIT E**

| | |
|---|---|
| **From:** | Adam Kurland <akurland@akkpc.com> |
| **Sent:** | Wednesday, July 9, 2025 9:41 AM |
| **To:** | Ferraro, Vincent M. |
| **Cc:** | Zinna, Michael; Kelly, Ryan |
| **Subject:** | Re: Telebrands v. BHSD Trading, Case No. 23-cv-225, Instrument No. 2025-122802 - Service |

**CAUTION: This message originated outside of Kelley Drye and was sent by: akurland@akkpc.com**

Good morning. We once again disagree with your position, and therefore, we intend to move to quash the subpoena and seek any other appropriate relief.

adam

Adam K. Kurland, Esq.
ADAM K. KURLAND, ATTORNEY AT LAW, P.C.
337 North Main Street
Suite 11
New City, New York 10956
(845) 638-4700
(845) 638-4767-Fax
akurland@akkpc.com
www.adamkurlandlaw.com

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by ADAM K. KURLAND, ATTORNEY AT LAW, P.C. for any loss or damage arising in any way from its use.

On Mon, Jul 7, 2025 at 1:31 PM Ferraro, Vincent M. <VFerraro@kelleydrye.com> wrote:

> Adam,
>
> First, as we have stated, Mr. Perlmutter has no legitimate basis to object to being deposed in his individual capacity. Despite repeating that improper objection, you have not *once* cited a legal basis for it. Mr. Perlmutter and BHSD Trading are baselessly obstructing the enforcement of a lawfully issued subpoena. And, as Mr. Perlmutter and BHSD Trading's counsel, you well know this. Attached is a case, *Andes Petroleum*

1

*Ecuadro Ltd. v. Occidental Expl. & Prod. Co.*, No. 21-cv-3930-AKH, 2022 WL 3227874 (S.D.N.Y. Aug. 10, 2022), that is directly on point here. The *Andes Petroleum* case explains that there is no basis for objecting to the depositions of principals, officers, or directors of a judgment debtor in their individual capacity. Indeed, where such persons, for example, as we contend Mr. Perlmutter here, were "involved … in the transactions resulting in [the judgment debtor's] insolvency" and the information sought from the deponent concerning the transactions are "clearly relevant and necessary" because it pertains to the judgment debtor's "assets and liabilities," courts will enforce subpoenas directing officers, directors, or principals to sit for an individual deposition. *Andes Petroleum*, 2022 WL 3227874, at *3; *see also id.*, at *2 ("Broad post-judgment discovery in aid of execution is the norm in federal and New York state courts.") (quoting *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 Fed. Appx. 16, 17 (2d Cir. 2014)); CPLR 5223 (which provides that "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena.").

Second, your mere emails objecting to the subpoena is insufficient to avoid compliance with Telebrands' lawfully issued subpoena. As you are doubtless aware, objections to deposition subpoenas are not self-executing under New York or federal law. Mr. Perlmutter is required to comply with the subpoena absent a court order.

Third, your attempt to reschedule Mr. Perlmutter's already-scheduled deposition at this late date is completely unacceptable. On May 30, 2025, Mr. Perlmutter was properly subpoenaed for his individual deposition for June 12, 2025 (attached is the deposition subpoena). On June 6, 2025, you acknowledged receipt of Mr. Perlmutter's deposition subpoena (attached is your June 6, 2025 email). In that email, *you* proposed to have Mr. Perlmutter's deposition move forward on July 8, 2025, at 2:00 PM ET. On June 9, 2025, we agreed to adjourn the deposition to July 8, as a professional courtesy (attached is my June 9, 2025 email). Now, over three weeks later and after you proposed and agreed to the July 8 date, you state "July 8 no longer works" for you. This is nothing but a transparent delay tactic to continue to avoid Mr. Perlmutter's deposition and it is not acceptable. <u>By no later than Wednesday, July 9, we demand that you provide a date in July for Mr. Perlmutter's deposition</u>.

If we cannot resolve the above issues regarding Mr. Perlmutter's deposition (i.e., its scope and date) by Wednesday, July 9, we will have no choice but to involve the Court and we will seek sanctions, including attorneys' fees and costs.

Finally, if BHSD Trading would like to settle this dispute and avoid all of this unnecessary additional litigation, please provide us with a settlement offer and proposed payment plan. Telebrands' current settlement position is that it should immediately be paid the entirety of the judgment entered by the Court along with pre- and post-judgment interest and costs. However, Telebrands would consider a counteroffer to amicably resolve this matter. Please advise. Otherwise, Telebrands will continue to pursue the full value of the judgment awarded by the Court.

Thanks,

Vin

**VINCENT FERRARO**

**Kelley Drye & Warren LLP**
Tel: (973) 503-5927

---

**From:** Adam Kurland <akurland@akkpc.com>
**Sent:** Wednesday, July 2, 2025 11:01 AM
**To:** Ferraro, Vincent M. <VFerraro@KelleyDrye.com>
**Cc:** Zinna, Michael <MZinna@KelleyDrye.com>; Kelly, Ryan <RKelly@KelleyDrye.com>
**Subject:** Re: Telebrands v. BHSD Trading, Case No. 23-cv-225, Instrument No. 2025-122802 - Service

Good morning.  We repeat and renew our objection for the reasons previously provided.  If you would like to depose Mr. Perlmutter in his capacity as a member of the judgment creditor, we will produce him at a date, time and place agreed upon (please note that July 8 no longer works for me).  Thank you.

adam

Adam K. Kurland, Esq.
ADAM K. KURLAND, ATTORNEY AT LAW, P.C.
337 North Main Street
Suite 11
New City, New York 10956
(845) 638-4700
(845) 638-4767-Fax
akurland@akkpc.com
www.adamkurlandlaw.com

NOTE:  The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by ADAM K. KURLAND, ATTORNEY AT LAW, P.C. for any loss or damage arising in any way from its use.

3

On Fri, Jun 27, 2025 at 6:05 PM Ferraro, Vincent M. <VFerraro@kelleydrye.com> wrote:

Adam,

Attached please find for service a First Amended Subpoena Ad Testificandum to Isaac Perlmutter.  We are serving this amended subpoena merely as a formality to update the date, time, and location of the deposition that the parties have previously agreed to.

Regards,

**VINCENT FERRARO**

Special Counsel

**Kelley Drye & Warren LLP**
One Jefferson Road
Parsippany, NJ 07054
Tel: (973) 503-5927

vferraro@kelleydrye.com

This message is subject to Kelley Drye & Warren LLP's email communication policy.
KDW-Disclaimer

4