July 16, 2025

Hon. Mae A. D'Agostino
United States District Judge
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

Re:   *Telebrands Corporation v. BHSD Trading LLC*, No. 1:23-cv-225 (N.D.N.Y.)

Dear Judge D'Agostino:

I am counsel to defendant/judgment-debtor BHSD Trading LLC ("BHSD") in the above-captioned matter, as well as non-party subpoena recipient, Isaac Perlmutter, individually. I write pursuant to Rules 7.1(c) and 37.1(b) of the Local Rules of Practice for the United States District Court for the Northern District of New York: (i) in response to plaintiff/judgment-creditor Telebrands Corporation's ("Telebrands") July 11, 2025 letter requesting a pre-motion conference (ECF No. 53), and, to the extent the Court schedules a pre-motion conference, (ii) to request that the Court to authorize Mr. Perlmutter's cross motion for a protective order limiting the discovery Telebrands can seek from him to information concerning BHSD.

In the underlying case of this post-judgment enforcement matter, Plaintiff unsuccessfully sought to secure a judgment against several non-defendants. Now, Plaintiff is attempting to use the post-judgment discovery process to engage in a fishing expedition for claims against those non-parties, rather than engage in discovery reasonably connected to collection of the actual judgment against the actual judgment debtor.

Rather than avail itself of the offered debtor's exam with the same witness, where Plaintiff could inquire as to collection-relevant relationships with third parties, Plaintiff has reflexively run to the court to sanction a fishing expedition, aimed not at securing information regarding the debtor's assets or past transactions but at non-party assets.

I.   **Telebrands Post-Judgment Discovery**

On or about April 30, 2025, Telebrands served BHSD with a subpoena *duces tecum* and restraining notice with information subpoena (together, the "Subpoenas"). *See* April 30, 2025 Subpoena Duces Tecum, April 30 Information Subpoena with Restraining Notice, Exs A-B. The Subpoenas sought information beyond the scope of post-judgment discovery, including but not limited to information concerning "*any and all of [BHSD's] current and former members, employees, agents, representatives, attorneys, affiliates and assigns, any entity owned by the same owner(s) or member(s) of [BHSD], and any other person acting or purporting to act on its or their*

*behalf.*" *See* Exs A-B. Nonetheless, after agreeing with Telebrands to extend BHSD's response deadlines, BHSD responded to the Subpoenas on May 27, 2025.

Additionally, on May 30, 2025, Telebrands served Mr. Perlmutter with a subpoena in his personal capacity, before noticing the judgment debtor's exam. *See* May 30, 2025, Subpoena Ad Testificandum, Ex. C. In response, BHSD engaged in a good faith meet and confer (the opposite of delay and evasion labels lodged in the letter) and offered to produce Mr. Perlmutter in his capacity as BHSD's corporate representative and sole member. *See* ECF No. 53-3. The parties have reached an impasse as to the scope of Mr. Perlmutter's deposition.

## II. The Court Should Limit Mr. Perlmutter's Deposition to Inquiry Concerning BHSD

### A. Court Authority to Manage Post Judgment Non Party Subpoenas

Court's are authorized to quash, modify, or set conditions on subpoenas or otherwise issue appropriate protective orders. FRCP 45(d)(3); 26(c)(1) That broad power includes the power to manage or preclude depositions. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (S.D.N.Y. 1996) ("[j]udges may prevent [a] proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship.")

### B. Post-Judgment Discovery Against Non-parties is Confined to Information Regarding the Judgment Debtor

Because post-judgment discovery "should be limited to a search for the judgment debtor's" assets, plaintiffs are barred from "embark[ing] on . . . fishing expeditions" against non-parties under the guise of judgment satisfaction. *GMA Accessories, Inc. v. Electric Wonderland, Inc.*, 2012 WL 1933558, at *6, 5 (S.D.N.Y. May 22, 2012); *D'Avenza S.p.A. in Bankr. v. Garrick & Co.*, 1998 WL 13844, at *3 (S.D.N.Y. Jan. 15, 1998) (discussing scope of discovery in context of post-judgment subpoena pursuant to CPLR 5224). Indeed, "disclosure concerning the assets of a non-party is generally not contemplated" by FRCP 69(a). *Id.* at 5 (citations omitted). As a rule, a judgment creditor must tailor discovery requests to non-parties "appropriately, in order to foster compliance and to achieve its ultimate goal, to wit, having its judgment satisfied." *Id.* (citations and quotations omitted).

Moreover, absent compelling circumstances, non-parties "cannot be required to disclose their own assets." *Jacobson v. Moller & Moller, Inc.*, 2007 WL 1989260, at *1 (E.D.N.Y. July 5, 2007); *see also Velez v. Hunts Point Multi-Serv. Ctr., Inc.*, 29 A.D.3d 104, 108 (1st Dept. 2006) ("Where disclosure is sought against a nonparty, more stringent requirements are imposed on the party seeking disclosure."); *Schwartz' Estate v. Dunishtock*, 25 N.Y.S.2d 742, 746 (City Ct. Kings Cnty. 1941) ("an intrusion into the records of the witness on the mere chance that something useful

Hon. Mae A. D'Agostino
July 16, 2025
Page 3

to the judgment creditor will turn up is unwarranted and is, therefore, an invasion of the rights of the witness"). Generally, a non-party may only be examined and required to produce documents "regarding the assets of the judgment debtor," not "his own personal assets or finances." *GMA Accessories*, 2012 WL 1933558 at *8. Accordingly, discovery against a non-judgment debtor carriers a "heightened showing of necessity and relevance." *Uniden Corp. of Am. v. Duce Trading Co.*, 1993 WL 286102, at *1 (W.D.N.Y. July 19, 1993).

Here, testimony concerning non-parties (including activities unrelated to the corporate debtor) is categorically irrelevant and beyond the scope of permissible discovery because there has been no showing of an alter ego relationship, fraudulent concealment, or an application to pierce the corporate veil. *See Costomar Shipping Co., Ltd. v. Kim–Sail, Ltd.*, 1995 WL 736907 at *3 (S.D.N.Y. Dec. 12, 1995) (denying discovery of non-party assets where there was no basis to pierce corporate veil and no evidence of fraud or unjust enrichment). Discovery which does not actually assist in collecting the judgment actually procured is outside the purview of a post judgment subpoena. *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). ("The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment.")

To the extent that Telebrands wants to inquire as to BHSD's assets or "where those assets are now," including any diverted or transferred assets or revenue streams of the corporate debtor, such inquiry would appropriately be in the scope of the BHSD's examination.

Telebrands claims it wants to know "what happened to the $14.5 million in revenue that was generated by sales of the accused products," which is misleading. Only the corporate defendant's revenue and assets are at issue; no judgment for infringement has been procured against any other party for revenue from allegedly infringing sales. Accordingly, Telebrands is simply not entitled to discovery as to revenue of non-parties, whether or not they believe it was generated from infringing sales. Any revenue, or potential or diverted revenue, of the judgment debtor can be examined through the offered examination of Mr. Perlmutter.

Given the breadth of the Subpoenas, Mr. Perlmutter expects that Telebrands will attempt to elicit testimony which is inherently irrelevant to satisfaction of the judgment against BHSD, such as information concerning Mr. Perlmutter's personal assets or unrelated business interests.

Telebrands' wildly misstates the important of *Andes Petroleumj*. As Telebrands concedes, *Andes Petroleum Ecuadro Ltd. v. Occidental Expl. & Prod. Co.* stands for the unremarkable proposition that officers of a corporation with "relevant, direct knowledge" of the transactions at issue may be compelled to testify at post-judgment depositions *in their capacities as corporate officers*. 2022 WL 3227874, at *2, 3 (S.D.N.Y. Aug. 10, 2022). That is precisely what is being offered here. Mr. Perlmutter will speak to his knowledge of the judgment debtor including the extent of any relationship between the judgment debtor with third parties that could impact

Hon. Mae A. D'Agostino
July 16, 2025
Page 4

collection or enforcement. He will not provide information as to unrelated companies or assets that do not go to enforcement of the judgment.

As such, Mr. Perlmutter's continues to be willing to make himself available for a deposition concerning BHSD, which he can provide in a debtor's examination.

We thank the Court for its attention to this matter.

Respectfully submitted,

**ADAM KURLAND,**
**ATTORNEY AT LAW, P.C.**

By: */s/ Adam K. Kurland*_____
    Adam K. Kurland
337 North Main Street
New City, New York 10956
Tel.: (845) 638-4700
Fax: (845) 638-4767
akurkland@akkpc.com

*Attorneys for Defendant*


cc:    all counsel of record (via ECF)